**PACIFIC S. S. CO. v. CACKETTE.** *

(Circuit Court of Appeals, Ninth Circuit. October 12, 1925.)

No. 4647.

**1. Shipping ⊚⟹163—Published "tariff," subject to which ticket is sold, becomes part of contract, and passenger chargeable with knowledge of contents.**

Published tariff under Shipping Act, § 18 (Comp. St. § 8146ii), subject to which steamship passenger's ticket is sold, becomes part of contract of transportation, and passenger is chargeable with notice of everything properly contained and by law required to be inserted in such tariff; "tariff" being ordinarily understood to be a system of rates and charges.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tariff.]

**2. Shipping ⊚⟹167(2)—Steamship passenger held not bound by provision of published tariff, subject to which ticket was sold.**

Provision in tariff, published under Shipping Act, § 18 (Comp. St. § 8146ii), requiring passenger's claims for loss or damage during voyage to be filed within 10 days, *held* not bind-

*Certiorari denied 46 S. Ct. 203, 70 L. Ed. —.

ing on passenger, though ticket was sold "subject to conditions of lawfully published tariff"; the provision having no relation to rates and charges, and not being such as was required to be inserted in published tariff.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by Ella Cackette against the Pacific Steamship Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Grosscup & Morrow and Chas. A. Wallace, both of Seattle, Wash., for plaintiff in error.

Milton R. Klepper, of Portland, Or., and Ralph S. Pierce, of Seattle, Wash., for defendant in error.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error obtained in the court below a judgment for damages arising out of an assault upon her by an employé of the plaintiff in error while she was a passenger on one of its vessels. On December 4, 1923, she purchased from the steamship company, at its office in Portland, Or., a ticket entitling her to transportation on one of the steamship company's vessels from Portland, Or., to Wilmington, Cal., and thence over the Pacific Electric Railway Company to Los Angeles, Cal. When she purchased her ticket, she was required to sign her name thereto as accepting its terms, one of which was: "This ticket is sold subject to the conditions of the lawfully published tariff of the issuing carrier, which is open for inspection at every general ticket office." "The lawfully published tariff" referred to was on file with the California Railroad Board, the United States Shipping Board, and the Interstate Commerce Commission. It contained, in addition to tariff schedules and regulations, a provision that all claims of the purchaser of the ticket or of his or her assigns, for loss or damage sustained while on the voyage, should be in writing, presented either at the passenger traffic manager's office in the city of Seattle, Wash., or at the office of the agent of the company at the place where the passenger landed within 10 days after landing. The defendant in error filed no claim with the steamship company within the 10 days so limited, and made no such claim until her action was begun 10 months later.

The writ of error presents the question whether the cause of action was barred by the failure to present the claim within the 10 days so limited. It is not disputed that the defendant in error was without knowledge of the provisions of the said "lawfully published tariff"; that when she purchased the ticket she signed it as required by the steamship company's officers; that soon after she went upon the vessel the ticket was taken from her and was not again restored to her; and that, immediately after the assault, she made complaint to the captain of the vessel. The tariff so referred to was filed and published by the steamship company in compliance with section 18 of the Shipping Act (39 Stat. 735 [Comp. St. § 8146ii]), which provides that every carrier by water in interstate commerce shall establish, observe, and enforce just and reasonable rates, fares, charges, classifications, and tariffs, and just and reasonable regulations and practices relating thereto and to the issuance, form and substance of tickets, receipts, and bills of lading, and contains other provisions relating to the receiving, handling, transporting, storing, and delivering of property. It contains no provision relating to the limitation of time for the presentation of claims. "Every such carrier shall file with the board and keep open to public inspection, in the form and manner and within the time prescribed by the board, the maximum rates, fares, and charges for or in connection with transportation between points on its own route; and if a through route has been established, the maximum rates, fares, and charges for or in connection with transportation between points on its own route and points on the route of any other carrier by water."

[1] It may be conceded that, by virtue of the reference to a lawfully published tariff, every passenger who travels by means of a ticket such as that which is here involved, is chargeable with notice of everything contained in such published tariff schedules which is by law required to be therein inserted, and that such a provision becomes part of the contract of transportation. Missouri, K. & T. R. Co. v. Harriman, 227 U. S. 657, 33 S. Ct. 397, 57 L. Ed. 690; Boston & Maine R. R. v. Hooker, 233 U. S. 97, 113, 34 S. Ct. 526, 529, 58 L. Ed. 868, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593. In the case last cited, the court said: "It follows therefore, from the previous decisions in this court, that, if it be found that the limitation of liability for baggage is required to be filed in the carrier's tariffs, the plaintiff was bound by such limitation," and the court made express reference to the notice which follows from the filed and published regulations "as required by the statute

and the order of the Interstate Commerce Commission."

The plaintiff was held chargeable with notice of a provision in a tariff schedule that the passenger must declare the value of his baggage and pay stated excess charges for excess liability over the stated value to be carried free; such a limitation being one of the regulations required to be filed by the act, especially in view of the language of section 22, as amended by the Act of February 8, 1895 (28 Stat. 643 [Comp. St. § 8595]), which requires the common carrier to file, with its copies of joint tariffs of rates, fares, or charges, "specifications of the amount of free baggage permitted to be carried under such tickets, in the same manner as common carriers are required to do with regard to other joint rates by section 6 of this act." Said the court: "This section would indicate that Congress thought that section 6 of the act had to do with specifications of the amount of baggage which would be carried free and that such regulations should be filed under the requirement of section 6 to which it referred."

Further confirmation of that conclusion was found in the terms of tariff circular No. 15-A of the Interstate Commerce Commission, which provided that the tariffs should contain "the general baggage regulations and also schedule of excess baggage rates, unless such excess baggage rates are shown in tariff in connection with the fares." "This requirement," said the court, "is a practical interpretation of the law by the administrative body having its enforcement in charge, and is entitled to weight in construing the act."

[2] It was only because a provision limiting liability of carriers for loss of baggage was found by the court to have been permissible as within the meaning and terms of the law requiring tariff schedules to be filed and published that the court sustained the limitation of liability for baggage. The clear purport of the decision is that a passenger or shipper is not chargeable with notice of any regulation filed and published which is not contemplated or required by the Interstate Commerce Act or the amendments thereto (Comp. St. § 8563 et seq.) A tariff is ordinarily understood to be a system of rates and charges. The public, in dealing with a common carrier, are bound to take notice that it has filed a tariff of rates and charges, and are chargeable with notice of everything that is properly included in or related to such system of rates and charges. Rates for passenger transportation may be, as the court

found in the Hooker Case, directly affected by the degree of the carrier's responsibility for safe carriage and delivery of baggage. No provision is found in the Interstate Commerce Act which relates to rights of action against carriers for damage or injuries from negligence or assault. Notice of claims for such damages has no perceptible relation to rates and charges for transportation. "When a company desires to impose special and most stringent terms upon its customers, in exoneration of its own liability, there is nothing unreasonable in requiring that those terms shall be distinctly declared and deliberately accepted." The Majestic, 166 U. S. 375, 386, 17 S. Ct. 597, 602, 41 L. Ed. 1039.

We consider the foregoing considerations conclusive of the question here involved, but it may be added that the District Judges for the Western District of Washington have held that such a limitation of time for presentation of a claim for injury to a passenger, although printed upon the face of the ticket, is void as unreasonable. Blackwell v. Alaska S. S. Co. (D. C.) 1 F.(2d) 334.

The judgment is affirmed.