## SOUTHERN PACIFIC COMPANY *v.* UNITED STATES.

CERTIORARI TO THE COURT OF CLAIMS.

No. 239. Argued October 6, 1926.—Decided November 22, 1926.

1. Military impedimenta were shipped by the War Department by expedited service over a railroad which was bound by land-grant acts to transport property of the United States "at rates not exceeding 50 per cent. of those paid by private shippers for the same kind of service." The railroad had no tariff for such service available to the public at large but had filed with the Interstate Commerce Commission a special tariff for the Government, in such cases, without land-grant deductions. *Held,* (1) that no contract of the United States to pay the special tariff rate could be implied from the fact that the shipments were made when the special tariff was the only one applicable on file, in the absence of proof that the contracting officers then knew of that tariff; (2) that, the special tariff was filed without statutory authority; hence the officers were not chargeable, as a matter of law, with knowledge of it. P. 447.
2. To recover in the Court of Claims the reasonable value of service rendered the Government, the claimant must prove its value. P. 448.

60 Ct. Cls. 662, affirmed.

CERTIORARI (270 U. S. 103) to a judgment of the Court of Claims rejecting the petitioner's claim on account of transportation service rendered to the United States.

*Mr. William R. Harr,* with whom *Mr. Charles H. Bates* was on the brief, for the petitioner.

*Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioner brought suit in the Court of Claims to recover for the transportation over its lines of several shipments of military impedimenta, made by the War Department in 1916 and 1917. The court allowed recovery for five items and denied recovery for certain others, which are alone the subject of controversy here. This Court granted certiorari. 270 U. S. 103, 107; § 3(b) Act of February 13, 1925, c. 229, 43 Stat. 939.

Some of the lines of petitioner were constructed with the aid of land-grants by the United States under acts of Congress requiring land-aided railroads to transport troops, munitions of war, and property of the United States at rates not exceeding fifty per cent. of those paid by private shippers for the same kind of service, §§ 11, 18, Act of July 27, 1866, c. 278, 14 Stat. 297, 299; see also Appropriation Acts for army transportation for years 1916–1917; Act of March 4, 1915, c. 143, 38 Stat. 1076, 1077; Act of August 29, 1916, c. 418, 39 Stat. 633, 634.

At the time of the transportation, the tariff in force on petitioner's road available to the public at large, Western Classification, 54 I. C. C. No. 12, did not include any of the items of military impedimenta here involved. But petitioner then had on file with the Interstate Commerce Commission a special tariff applicable to such items when carried by passenger train or expedited service, without deduction for shipments made over land-aided or land-grant roads.

Petitioner presented its bills for the expedited service in transporting the items controverted, on the basis of the rates fixed by this tariff, without deduction. The accounting officers of the government allowed the claim at a

lower rate corresponding to the schedule embraced in the Western Classification applicable to emigrant movables carried by ordinary freight trains, and payment thus computed with land-grant deductions was received by petitioner under protest.

The Court of Claims held that the rate on emigrant movables was inapplicable and that petitioner did not establish a lawful rate by leaving a special tariff schedule with the Interstate Commerce Commission, since there is no provision of law requiring or permitting the filing of tariffs applicable only to government transportation. But it is argued here as it was below, that since there was no rate open to the public applicable to the items involving expedited service, the shipments by representatives of the War Department, following the filing of the special tariff for that service, must be taken to establish an implied agreement to pay the special tariff rate. And further, since the agreed rate was not open to the public, there could be, by the very terms of the applicable acts of Congress, no land-grant deductions.

This reasoning omits a step essential to the imposition of a contractual liability upon the government, for it points to no fact found from which assent of the shipper to the special tariff rate could be inferred. The Court of Claims found that there was no express agreement that the shipments were based upon the special tariff, and that there was no proof that the contracting officers had any knowledge of the tariff at the time of the shipments. Obviously they cannot be held to have yielded assent to a tariff of which they were ignorant. A basis for a contract implied in fact to pay the rate charged is therefore wanting. In this respect the case differs from those in which a recovery was allowed where there was no lawful tariff and the shipments were made with knowledge on the part of the government representatives of the rates published by the carrier. Compare *Yazoo & Miss. Valley R. R.* v. *The United States,* 54 Ct. Cls. 165.

Nor were the representatives of the War Department chargeable as a matter of law with knowledge, which they did not in fact possess, of a tariff which was not required to be filed.  The ordinary consequences that attend the filing of a schedule of rates with the Interstate Commerce Commission as demanded or permitted by statute, cf. *Texas & Pacific Ry.* v. *Mugg,* 202 U. S. 242; *Chicago & Alton R. R.* v. *Kirby,* 225 U. S. 155, cannot be invoked by the carrier merely because it lodged a special tariff with the commission without statutory authorization.  *Illinois Central R. R.* v. *The United States,* 58 Ct. Cls. 182.

Petitioner is in no better situation with respect to its asserted right to recover the reasonable value of its services.  The burden was upon it to establish their value.  The record contains no finding of the reasonable value of these services, and petitioner failed, as the court below found, to offer any proof of the reasonableness of the rate which it sought to apply.

*Judgment affirmed.*