**THOMAS v. AMERICAN AIRLINES, Inc.**

Civ. No. 2271.

United States District Court,
E. D. Arkansas. W. D.

March 12, 1952.

Owens, Ehrman & McHaney, Little Rock, Ark., for plaintiff.

Wright, Harrison, Lindsey & Upton, Alston Jennings, Little Rock, Ark., for defendant.

TRIMBLE, Chief Judge.

<span></span> The limitation period for giving notice and bringing suit in the tariffs of a common carrier are binding upon the passengers only if there is statutory authority for filing such tariff, that is, the statute controlling requires its filing. Southern Pacific Co. v. United States, 272 U.S. 445, 47 S.Ct. 123, 71 L.Ed. 343. Even the carrier itself is not bound by such a tariff not so authorized. Thompson v. Chicago, B. & Q. R. R. Co., 157 I.C.C. 775.

■ The Civil Aeronautics Act of 1938, 49 U.S.C.A. § 401 et seq., sets forth the provisions relating to the filing of tariffs and does not require or authorize by implication the filing of tariffs limiting in any way the liability of the carrier for its own negligence for personal injury to the passenger.

Pacific Steamship Company v. Cackette, 9 Cir., 8 F.2d 259, is on all fours with the case at bar, and sustains plaintiff's contention. In this case the U. S. Supreme Court denied certiorari, 269 U.S. 586, 46 S.Ct. 203, 70 L.Ed. 426.

The case of Gooch v. Oregon Short Line R. R. Co., infra, has no application for the reason that the injured passenger was a drover riding under a special contract accompanying cattle in shipment. Gooch v. Oregon Short Line R. R. Co., 258 U.S. 22; 42 S.Ct. 192, 66 L.Ed. 443.

The motion of the defendant for summary judgment upon the plea of limitations is denied.