## TOMAN v. MID–CONTINENT AIRLINES, Inc.

### No. 7407.

United States District Court
W. D. Missouri, W. D.

Sept. 19, 1952.

Lathrop, Woodson, Righter, Blackwell & Parker, Kansas City, Mo., for plaintiff.

Rogers, Field & Gentry, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

As in the case of Danneberg, Administrator of the Estate of Jane C. Lundahl, Deceased, v. Mid-Continent Airlines, Inc., Order No. 7210, the defendant has filed a motion to dismiss the action upon the ground that under specified tariff regulations the plaintiff is barred from prosecuting his action. On the other hand, the plaintiff through his counsel has filed a motion to strike the defensive matter which forms the basis for the defendant's motion to dismiss.

The question involved is whether a tariff regulation promulgated by the defendant is effective to bar the action unless notice of the claim be given "within 90 days after the alleged occurrence of the events giving rise to the claim." It is practically admitted

that the plaintiff did not definitely notify the defendant of his purpose to assert claim within the 90 day period as prescribed by the tariffs filed by the defendant.

1. Section 483, Title 49 U.S.C.A. relating to the general subject of Transportation specifically provides that:

"(a) Every air carrier * * * shall file with the Board * * * tariffs showing all rates, fares, and charges for air transportation between points served by it * * * and showing to the extent *required by regulations of the Board,* all classifications, rules, *regulations,* practices, and services in connection with such air transportation." (Emphasis mine.)

And section 484 of said Title 49 U.S.C.A. provides, among other things, that:

"(a) It shall be the duty of every air carrier * * * to establish, observe, and enforce just and reasonable individual * * * rates, fares, and charges, and just and reasonable * * * rules, regulations, and practices relating to such air transportation".

While it appears that the defendant filed tariffs as required by statute wherein it attempted to limit its liability in case of failure to give notice within 90 days, such action on its part did not appear to follow a regulatory requirement of the Civil Aeronautics Board as required by statute. Subsequently the Board, in a number of cases of other air carriers, abrogated or nullified similar provisions regulating or limiting liability as unjust and unreasonable. And the Board has extended the time in which claims should be made.

2. In addition to the above, the question arises whether even the Board would have the right to approve regulations such as that submitted by the defendant unless specially authorized to do so by statute.

By analogy, reference may be made to the limitation of actions against water carriers as appearing in section 908 of the same title. Paragraph (f)(1)(B) thereof specifically provides:

"All complaints against carriers for the recovery of damages not based on overcharges shall be filed with the Commission within two years from the time the cause of action accrues * *."

And by paragraph (f)(1)(C) a limitation upon certain claims is made as follows:

"* * * except that if claim for the overcharge has been presented in writing to the carrier within the two-year period of limitation said period shall be extended to include six months from the time notice in writing is given by the carrier to the claimant of disallowance of the claim * * *."

These references are used to show, not only the express authority conferred by congress and the limitation fixed by it, but they are cited as relating to the subject of reasonableness in the matter of the regulations submitted by the defendant.

■ 3. While in the case of Wilhelmy v. Northwest Airlines, D.C., 86 F.Supp. 565, the district court for the Western District of Washington held that the claim was barred by the provisions of the regulation yet this decision has not been followed, but a contrary ruling was made in the case of Shortley v. Northwestern Airlines, D.C., 104 F.Supp. 152. And a similar ruling was made by Judge Trimble of the Eastern District of Arkansas in Thomas v. American Airlines, Inc., 104 F.Supp. 650. Judge Trimble succinctly stated the rule as follows:

"The limitation period for giving notice and bringing suit in the tariffs of a common carrier are binding upon the passengers only if there is statutory authority for filing such tariff, that is, the statute controlling requires its filing."

4. In addition to the foregoing, it appears by affidavit of the plaintiff that an insurance carrier for defendant from time to time interviewed him in relation to his claim and thereby lured him into a feeling of security in relation thereto.

■ 5. The motion of plaintiff to add an additional defendant should be granted; and the motion to dismiss, and also the motion to strike should be overruled as in the Danneberg case.