**SEABOARD AIR LINE RAILROAD COMPANY, a Corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 6842.

United States Court of Appeals Fourth Circuit.

Argued Oct. 14, 1954.

Decided Nov. 8, 1954.

James S. Cremins and James G. Martin, Norfolk, Va. (F. S. Sargeant, Norfolk, Va., on brief), for appellant.

Benjamin Forman, Attorney, Department of Justice, New York City (Warren E. Burger, Asst. Atty. Gen., L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and Melvin Richter, Attorney, Department of Justice, Washington, D. C., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and BOREMAN, District Judge.

BOREMAN, District Judge.

This is an appeal from a judgment rendered by the District Court for the Eastern District of Virginia in favor of the appellant for the sum of $674.64, with interest.

On August 26, 1947, War Assets Administration, an agency of the United States, placed with the L. & N. Railroad Company, at Mobile, Alabama, two boxes of airplane parts for transportation by freight to Charlotte, North Carolina, the consignee being United Aero Service, Inc. Appellant, Seaboard Air Line Railroad Company, was the terminal or delivering carrier. It is undisputed that one box of parts was lost en route.

This shipment went forward under a "U. S. Government Bill of Lading",

standard form No. 1103, approved by the Comptroller General of the United States in 1943. On the back of this bill of lading under the heading, "General Conditions and Instructions", and preceding the numbered list of conditions and instructions, the following language appears: "It is mutually agreed and understood between the United States and carriers who are parties to this bill of lading that—". Condition No. 2 reads: "Unless otherwise specifically provided or otherwise stated hereon, this bill of lading is subject to the same rules and conditions as govern commercial shipments made on the usual forms provided therefor by the carrier". Condition No. 7 is as follows: "In case of loss, damage or shrinkage in transit, the conditions governing commercial shipments shall not apply as to period within which notice thereof shall be given the carriers or to period within which claim therefor shall be made or suit instituted".

Immediately following the statement of conditions appears the heading "Instructions", and Instruction No. 1 reads as follows: "Erasures, interlineations or alterations in bills of lading must be authenticated and explained by the person making them". Stamped across the statement of conditions and instructions appear the words: "Condition No. 7 deleted prior to execution. Wm. A. Jeffery, Freight Agent". On the face of the bill of lading, in the space provided for the signature of the agent of the transportation company, is written, in signature form, the name "W. A. Jeffery". Immediately following and to the right of this purported signature, in a space containing the printed word "Per", appear the written letters "A W E", obviously the initials of some person who signed the name of W. A. Jeffery to the bill of lading.

It is admitted that the "usual" form of bill of lading provided by the initial carrier, as referred to in Condition No. 2 on the Government bill of lading, is a "Uniform Straight Bill of Lading", Sec. 2.(b) thereof providing: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier * * * within nine months after delivery. * * * or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suit shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim * *. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid". If the deletion of condition No. 7 of the Government bill of lading is valid, condition No. 2 thereof would adopt, as one of the terms and conditions of shipment, the provisions of Sec. 2.(b) of the uniform straight bill of lading.

Though the loss of one box of parts is admitted by the appellant and its liability for the loss is conceded, no voluntary payment for such loss was made to appellee.

This action was brought by the appellant to recover a balance of $2,698.55 admittedly due from the appellee for services rendered in the transportation of certain shipments of cotton during April 1951. The complaint alleged that these shipments were duly transported and delivered by the appellant in accordance with shipper's instructions; that subsequent to delivery of these shipments, appellant presented its bill in the amount of $4,462.59 to cover the transportation charges which accrued in connection with the shipment of cotton; and that only $1,764.04 of said amount was paid by the appellee.

The answer of appellee admitted the allegations in the complaint and further alleged, by a special defense of set-off, that pursuant to the provisions of the Act of September 18, 1940, 54 Stat. 955, U.S.C. Title 49, Sec. 66, 49 U.S.C.A. § 66, the amount of $2,698.55 had been deducted from this bill to cover the loss of one of the boxes of airplane parts from the said shipment to United Aero Service, Inc.

In its reply to the special defense of set-off, appellant denied liability for the alleged loss for the reason that claim was not filed in writing and suit was not instituted thereon within the periods prescribed by the contract conditions of the Government bill of lading covering the shipment from which the alleged loss occurred.

As shown by the order on pre-trial conference, it was stipulated and agreed that the amount of the Government's set-off is $2,023.91 rather than $2,698.55 and that, if the set-off is not time barred, appellant is entitled to recover the sum of $674.64.

A trial was had before the District Court without a jury, which Court sustained the appellee's defense of set-off on the ground that the limitations for filing claim and instituting suit as contained in the usual uniform straight bill of lading were not made a part of the Government's bill of lading of August 26, 1947, and found, in effect, that the appellant was bound by condition No. 7 thereof despite the obvious attempt to delete that condition by the rubber stamp indorsement. Accordingly, judgment was entered against the appellee in the sum of $674.64 (with interest), representing the difference between the amount deducted by the Government for the loss of the box of airplane parts and the amount stipulated as its actual loss.

The evidence in this case consists of a number of documents and letters and the meager testimony of only two witnesses, one for each party. A photostatic copy of the U. S. Government bill of lading, marked for identification "Defendant's Exhibit 4–b", was produced and submitted by the appellee at the pre-trial conference. The appellant admitted that this was essentially a true copy of the original bill of lading and the pre-trial order shows that such copy and copies of other letters and documents "are admitted in evidence without further proof".

Appellant contends that appellee, having introduced into evidence the original bill of lading, is bound by everything appearing thereon and thus assumes the burden of proving by a preponderance of the evidence the circumstances under which the alteration was made. With this contention we can not agree.

The original Government bill of lading, by its own terms, expressly provides that any alterations "in bills of lading must be authenticated and explained by the person making them". This provision became a part of the carriage contract, and the burden of explaining the rubber stamp indorsement, which clearly and admittedly constitutes an "alteration", is with the appellant if it relies upon the appellee's alleged failure to meet the time limitations provided in the uniform straight bill of lading for filing claim and instituting suit.

It appears that both parties agree that the evidence shows the following facts: The original Government bill of lading was a form authorized by the Comptroller General of the United States, and these forms were distributed to various Transportation Officers and other officers of the United States authorized to enter into contracts with carriers for transportation of Government shipments. This bill of lading was issued by the Transportation Officer of War Assets Administration and delivered to the agent of the initial carrier; there was placed on the back thereof the stamp indicating that condition No. 7 had been "deleted prior to execution" and further indicating Wm. A. Jeffery as the agent for the initial carrier. This bill of lading was then returned by the initial carrier to the Transportation Officer or his representative.

Appellant argues that it must be concluded, in the absence of any positive evidence to the contrary, that the deletion of condition No. 7 by the stamp indorsement was made "prior to execution as expressly stated on the bill of lading itself". Appellee does not dispute the fact that the rubber stamp was placed on the back of the bill of lading prior to the signing of the same for the initial carrier, but insists that the issue is not whether an agent of the initial carrier placed the stamp thereon before or after

he executed the bill of lading, but whether the alteration was accepted and approved by an authorized Government Officer.

There is no explanation whatsoever as to the attempt of the initial carrier to delete condition No. 7 of the original bill of lading. The name Wm. A. Jeffery is a part of the stamped indorsement. The name W. A. Jeffery, in signature form, is written on the face of the bill of lading but appears to have been placed thereon by someone with the initials "A W E", whose identity is unknown and unexplained.

■ Under the decision of this Court in United States v. Seaboard Air Line Ry. Co., 4 Cir., 22 F.2d 113, in the absence of any provision to the contrary on the Government bill of lading, the time limitations of Sec. 2.(b) of appellant's uniform bill of lading would be incorporated into the contract of carriage. The question posed here by the appellant is a factual one, i. e., did an authorized representative of the United States assent to the deletion of condition No. 7, a step essential to the imposition of contractual liability upon the Government.

Only one witness testified on behalf of the appellant but it is clear that he had no personal knowledge concerning the circumstances surrounding the execution of the original bill of lading. Neither William A. Jeffery nor "A W E" was produced as a witness, either of whom might have been able to furnish a full explanation of the alteration. Admittedly, as seen from the testimony of appellee's witness, Overby, the general practice is for the bill of lading to be returned to the shipper for mailing to the consignee after it has been executed by the carrier's freight agent. But this general testimony does not constitute positive evidence in this case that the Transportation Officer personally received the bill of lading after it had been stamped by Jeffery or some other person. Nor is it positive evidence that the Transportation Officer here, assuming that he did personally receive the bill, knew that a stamped indorsement had been placed on the back thereof. Moreover, though it be further assumed that the Transportation Officer did learn of the stamped indorsement, there is no evidence that he had an opportunity to object to the attempted alteration before the consignment was shipped by the carrier. The mere fact that the Government retained the bill of lading cannot, without more, imply consent to the deletion of condition No. 7. Cf. Southern Pac. Co. v. United States, 272 U.S. 445, 447, 47 S.Ct. 123, 71 L.Ed. 343.

■ In answering the factual question here presented, the District Court expressly found that "there is no positive evidence that the Government ever consented to the deletion of condition No. 7 on the bill of lading. * * * No representative of the United States is shown to have assented to the change". Under Rule 52(a) of the Federal Rules of Civil Procedure 28 U.S.C.A., this finding of fact cannot "be set aside unless clearly erroneous". Examination of the record shows that, far from being clearly erroneous, the District Court's finding is compelled by the evidence.

In view of these stated conclusions, it is unnecessary to decide the other points arising on the appellant's contention that appellee did not comply with the conditions of the uniform bill of lading fixing limitations of time for filing claim and instituting suit.

Affirmed.