The **PORT OF TACOMA**, a Municipal Corporation, Libelant,

v.

**S.S. DUVAL**, formerly S.S. Mount Rainier, her engines, tackle, appurtenances, etc., Respondent,

**Gloria Steamship Company**, a corporation, Claimant.

No. 7842.

United States District Court
W. D. Washington, S. D.

Nov. 5, 1964.

James J. Mason, of Binns & Petrich, Tacoma, Wash., for libelant.

Robert J. Stowell, of Summers, Howard & LeGros, Seattle, Wash., for claimant.

BEEKS, District Judge.

Seagate Shipping Company (owner), predecessor in interest to claimant to the ownership of respondent vessel, demised the vessel to American Tramp Shipping Company, a provision of the charter providing that no one shall have the right, power or authority to create, incur, or permit to be placed upon the vessel any liens whatsoever other than for crew wages or salvage.

On or about January 11, 1963, while operating the vessel as a carrier for hire, charterer incurred charges for wharfage and cargo handling furnished to the vessel by libelant at the Port of Tacoma and which are the subject of this *in rem* action.

At the time such services were furnished libelant was a party to Northwest Marine Terminals Association Tariff No. 1, a duly published tariff filed with the Federal Maritime Commission pursuant to the provisions of the Shipping Act of 1916, 46 U.S.C. Sections 801–842, inclusive, and the Intercoastal Shipping Act of 1933, 46 U.S.C. Sections 843–848, inclusive. The charges are properly assessable under the tariff which contains the provision that such charges are guaranteed by the vessel and that the existence of any provision in a charter party which purports to relieve a vessel of any such charges shall not be operative.

Libelant concedes (1) that owner did not have actual notice of the tariff provisions, (2) that libelant did not make the inquiry required by 46 U.S.C. Section 973, and (3) that absent the tariff provisions United States v. Carver, 260 U.S. 482, 43 S.Ct. 181, 67 L.Ed. 361, would defeat recovery herein.

Libelant contends, however, (1) that owner is constructively charged with notice of the tariff provisions, (2) that owner so charged permitted the vessel (by failing to restrict its movements in the charter) to be operated into the Port of Tacoma, and (3) that by so doing the charter provisions with respect to the creation of liens became ineffective.

Assuming arguendo, that constructive notice on the part of owner would produce such result (of which the court entertains doubt) is owner charged with such notice? The answer to this must be negative. Owner is chargeable with notice of everything contained in the tariff, which as to owner, individually or as a member of a class, is by law required to be inserted therein but owner is not chargeable with any provision filed and published which is not required or contemplated by law. Pacific SS Co. v. Cackette, 8 F.2d 259, 260, 261 (9th Cir. 1925). The court is satisfied that the owner of a vessel, not itself operating the vessel as a carrier for hire, is not within the class of persons intended to be regulated or protected by either the Shipping Act of 1916 or the Intercoastal Shipping Act of 1933, supra, and that the tariff provisions relied upon are not as to owner required or contemplated by either act.

Claimant's motion for summary judgment is granted and the action is dismissed with costs in favor of claimant. Claimant's counsel will prepare a form of decree in conformity herewith to be presented to the court at 9:30 a. m., November 13, 1964.