**KRAFT FOODS, Petitioner,**

v.

**FEDERAL MARITIME COMMISSION and United States of America, Respondents.**

**No. 75–1004.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 28, 1975.

Decided July 13, 1976.

William Levenstein, Langley Park, Md., for petitioner.

William H. Smith, Jr., Atty., Federal Maritime Commission, Washington, D. C., with whom James L. Pimper, Gen. Counsel, and Edward G. Gruis, Deputy Gen. Counsel, Federal Maritime Commission, Washington, D. C., were on the brief for respondent, Federal Maritime Commission.

Howard E. Shapiro and Robert J. Wiggers, Attys., Dept. of Justice, Washington, D. C., were on the brief for respondent United States of America. Carl D. Lawson,

Atty., Dept. of Justice, Washington, D. C., also entered an appearance for respondent, United States of America.

Before BAZELON, Chief Judge, HASTIE,* Senior Circuit Judge for the Third Circuit and ROBB, Circuit Judge.

HASTIE, Senior Circuit Judge, participated in the consideration of this case but died before an opinion was entered.

Opinion for the court filed by ROBB, Circuit Judge.

ROBB, Circuit Judge:

This is a petition to review a report and order of the Federal Maritime Commission denying a claim by Kraft Foods for reparation from Moore-McCormack Lines, Inc. The claim was for alleged overcharges on a prepaid shipment from New York to Mombasa, Kenya. The shipment, consigned to Supermarket, Ltd., Nairobi, consisted of 112 cases of noodle dinners, spaghetti dinners and marshmallows, and was carried by Moore-McCormack, Inc. The shipment arrived at Mombasa February 3, 1973, and between that date and February 10 was unloaded and accepted by Supermarket, Ltd. Transportation charges were based upon a measurement of 284 cubic feet, shown on the reverse side of the dock receipt and on the bill of lading. On February 12, 1973, after receiving the shipment, Supermarket, Ltd., notified Kraft Foods that the freight had apparently been overcharged. On February 23, 1973 Kraft Foods notified Moore-McCormack of the apparent overcharge and contended the true measurement of the shipment was 145.01 cubic feet. Moore-McCormack responded that the charges were correct and that in any event the claim was out of time under the applicable tariff rule, known as Tariff Rule 16.

An administrative law judge denied reparation on the ground that Kraft Foods had failed to sustain its burden of proof on the merits of its claim. On review the Commission, one member dissenting, did not reach the merits but denied reparation on the ground that claim was barred by Moore-McCormack's Tariff Rule 16. So far as pertinent that rule (South and East Africa Conference South Bound Freight Tariff No. 1, F.M.C. No. 2, Original Page 110) provides in part:

16. OVERCHARGES

Claims for adjustment of freight charges, if based on alleged errors in description, weight and/or measurement, will not be considered unless presented to the carrier in writing before shipment involved leaves the custody of the carrier.

On this petition for review Kraft Foods is joined by the Department of Justice in challenging the validity of Tariff Rule 16. We think they are right.

Section 22 of the Shipping Act, 46 U.S.C. § 821 provides:

Any person may file with the Federal Maritime Commission a sworn complaint setting forth any violation of this chapter . . . and asking reparation for the injury, if any, caused thereby. . . . The Commission, if the complaint is filed within two years after the cause of action accrued, may direct the payment, on or before a day named, of full reparation to the complainant for the injury caused by such violation.

Applying this statute the Commission has consistently held unenforceable tariff rules which require a shipper to give notice of claim, to submit claims, or to commence formal proceedings within some period less than the two years provided in section 22. Such rules are known as "six-month rules" because the period of limitation has usually been six months. As the Commission in its brief acknowledges six-month rules are unenforceable "because they infringe on the right granted by Section 22 to obtain relief by commencing an administrative proceeding by sworn complaint within two years of the alleged Shipping Act violation." (Br., pp. 13–14) *See Proposed Rule Covering Time Limit on the Filing of Overcharge Claims,* 12 F.M.C. 298, 302 (1969); 10 F.M.C.

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1 (1966); *Polychrome Corp. v. Hamburg-America Line—North German Lloyd,* 15 F.M.C. 221 (1972). We agree with this conclusion of the Commission.

The Commission argues that Rule 16 is only a "reasonable attempt to eliminate a prime cause of dispute as to weight or measurement" and to allow "carriers a degree of protection from false claims without imposing any unusual burden on shippers or consignees." (Br., pp. 8, 12) "The differences between a six-month rule and Rule 16" says the Commission, are so apparent that "lengthy discussions are unnecessary"; "Rule 16 does not in any way limit or condition the two-year period in which a shipper may bring a Section 22 action." (Br., pp. 14, 15)

We are unable to perceive the distinctions which the Commission finds so obvious and material. True, Rule 16 does not prevent the filing of a claim for reparation based on rates or measurements, but it does require that such a claim must be rejected unless presented to the carrier before the shipment leaves its custody. The right to file a claim becomes illusory once the carrier has delivered the shipment. In effect therefore the Rule sets up as a period of limitation the time during which the shipment remains in the custody of the carrier. We think this limitation, like the six-month rule, infringes on the rights granted by section 22 of the Shipping Act.

In its opinion rejecting the Kraft claim the Commission reasons that (1) Rule 16 is part of the Moore-McCormack tariff; (2) section 18(b)(3) of the Shipping Act, 46 U.S.C. § 817(b)(3) requires a carrier to adhere strictly to the terms of its tariff as filed, and (3) therefore Moore-McCormack had no alternative but to comply with its tariff. The flaw in this syllogism is of course that Rule 16, conflicting as it does with section 22 of the Shipping Act, is not a valid tariff provision.

The order of the Federal Maritime Commission is vacated and the case is remanded for further proceedings on the merits of the Kraft claim.

*So Ordered.*