**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1013**

MCI WORLDCOM NETWORK SERVICES, INCORPORATED,

Plaintiff - Appellee,

versus

PAETEC COMMUNICATIONS, INCORPORATED,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-04-1479-CMH-BRP)

Argued: September 21, 2006      Decided: October 25, 2006

Before WILKINSON and DUNCAN, Circuit Judges, and Richard L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Earle Duncan Getchell, Jr., MCGUIREWOODS, L.L.P., Richmond, Virginia, for Appellant. Sean Abram Lev, KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., Washington, D.C., for Appellee. **ON BRIEF:** Tony S. Lee, MCGUIREWOODS, L.L.P., Washington, D.C.; John B. Messenger, PAETEC COMMUNICATIONS, INC., Fairport, New York, for Appellant. Jeffrey A. Rackow, Washington, D.C.; Scott H. Angstreich, KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

MCI Worldcom Network Services, Inc. ("MCI") filed this lawsuit against Paetec Communications, Inc. ("Paetec") to recover telecommunications access charges that it paid for a period of time, but later challenged as unsupported by tariff[1]. Specifically, MCI alleges that Paetec unlawfully charged it for routing toll-free calls from third-party wireless carriers to MCI's network when that service was not within the Paetec tariffs, either federal or state, to which MCI subscribed. MCI paid the charges initially because Paetec's invoices did not separately state them. When the charges were disaggregated and MCI became aware of them, it withheld payment of two monthly invoices from Paetec in an effort to recoup its funds and subsequently brought this action for damages.

In its answer, Paetec raised as an affirmative defense a provision from its tariffs requiring 90-days notice of a billing dispute and also asserted counterclaims, both statutory and equitable, to recover the balances of the two invoices that MCI refused to pay. Paetec then filed a motion for partial summary judgment based on the 90-day notice provision. The district court denied the motion concluding that a party could not use a tariff to

---

[1]A tariff is a public document that sets forth the services offered by a telecommunications carrier, the fees charged for those services, and the terms on which those services are offered. AT&T Commn'cs of S. States, Inc. v. Bellsouth Telecomm., Inc., 268 F.3d 1294, 1296 n.4 (11th Cir. 2001).

3

shorten unilaterally the two-year statute of limitations for tariff overcharges under the Federal Communications Act. MCI Worldcom Network Servs., Inc. v. Paetec Commc'ns, Inc., No. 04-1479, at 2-3 (E.D. Va. May 16, 2005).

Both parties then moved for summary judgment on the merits. The district court granted MCI's motion and denied Paetec's cross-motion. MCI Worldcom Network Servs, Inc. v. Paetec Commc'n, Inc., No. 04-1479 (E.D. Va. Aug. 31, 2005). In granting MCI's motion, the district court rejected Paetec's argument that its access tariffs included the service of transmitting to MCI interstate toll-free calls made by end-users of other telecommunications carriers for two reasons. First, under the circumstances presented, MCI was not a "customer" of Paetec with respect to the service in question. Id. at 7-9. Second, even if MCI could be considered a customer, the court concluded that the service Paetec performed for MCI was not within its tariffs. Id. at 9-11. In denying Paetec's cross-motion, the district court held that the filed rate doctrine[2] precluded equitable counterclaims and that MCI acted lawfully in withholding payment on the two invoices as an offset for the disputed charges. Id. at 11-13. Paetec now appeals the district court's rulings.

---

[2]Under the filed rate doctrine, a carrier is expressly prohibited from collecting charges for services that are not described in its tariff. See Am. Tel. & Tel. Co. v. Cent. Office Tel., Inc., 524 U.S. 214, 222 (1998).

4

Having reviewed the parties' briefs and the applicable law, and having had the benefit of oral argument, we affirm the grant of summary judgment to MCI and the denials of summary judgment to Paetec on the reasoning of the district court. See Paetec Commc'ns, Inc., No. 04-1479 (E.D. Va. Aug. 31, 2005); Paetec Commc'ns, Inc., No. 04-1479 (E.D. Va. May 16, 2005).

AFFIRMED