# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 5, 2012        Decided June 7, 2013

No. 11-1467

NORTHERN VALLEY COMMUNICATIONS, LLC,
PETITIONER

v.

FEDERAL COMMUNICATIONS COMMISSION AND UNITED
STATES OF AMERICA,
RESPONDENTS

AT&T CORPORATION, ET AL.,
INTERVENORS

Consolidated with 11-1468

On Petitions for Review of Orders of
the Federal Communications Commission

*Ross A. Buntrock* argued the cause for petitioner. With him on the briefs was *G. David Carter.*

*Joel Marcus*, Counsel, Federal Communications Commission, argued the cause for respondents. With him on the brief were *Joseph F. Wayland*, Acting Assistant Attorney General, U.S. Department of Justice, *Robert B. Nicholson* and *Nickolai G. Levin*, Attorneys, and *Austin C. Schlick*, General

Counsel, Federal Communications Commission, *Peter Karanjia*, Deputy General Counsel, and *Richard K. Welch*, Deputy Associate General Counsel. *Jacob M. Lewis*, Associate General Counsel, entered an appearance.

*David H. Solomon* argued the cause for intervenors. With him on the brief were *Russell P. Hanser*, *Marc Goldman*, *James C. Cox*, *Scott H. Angstreich*, *Gregory G. Rapawy*, *Michael B. Fingerhut*, *Gary L. Phillips*, *Michael E. Glover*, and *Christopher M. Miller*.

Before: GARLAND, *Chief Judge*, KAVANAUGH, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:  When you make a long-distance telephone call, the call travels from your local exchange carrier, known as a LEC, to a long-distance carrier. The long-distance carrier routes the call to the call recipient's LEC. That LEC then completes the call to the recipient.

LECs are classified as either competitive (CLECs) or incumbent (ILECs). Subject to FCC approval, CLECs may impose tariffs on long-distance carriers for access to CLECs' customers. In recent years, the FCC has grown concerned that some CLECs have engaged in what is known as "traffic pumping" or "access stimulation." What's happened is that some CLECs with high access rates apparently have entered into agreements with high-volume local customers, such as conference call companies. CLECs greatly increase their access minutes – but do not reduce their access rates to reflect lower average costs – and share a portion of the increased access revenues with the conference call companies. In many

cases, the CLECs charge the conference call companies nothing for phone service. It's a win-win for the CLECs and the conference call companies, while the long-distance carriers, who have to pay the tariffed access rates, pay significant amounts to the CLECs.

This case involves a tariff filed by Northern Valley, a CLEC in South Dakota. The FCC ruled that Northern Valley could not tariff long-distance carriers for calls to Northern Valley's *non-paying* customers (for example, to conference call companies that obtained service from Northern Valley for no charge). The FCC explained that, by regulation, CLECs may tariff long-distance carriers only for access to the CLECs' "end users." *See Access Charge Reform*, 19 FCC Rcd. 9108, 9114, ¶ 13 (2004); 47 C.F.R. § 61.26(a). In the related context of ILECs, an "end user" has been defined by the FCC to mean the recipient of a "telecommunications service." *See* 47 C.F.R. § 69.2(m). The FCC here stated that identical terms used in different but related rules should be construed to have the same meaning; therefore, a CLEC's "end user" likewise means the recipient of a "telecommunications service." In turn, "telecommunications service" is defined by the Communications Act of 1934 as service provided *for a fee*. *See* 47 U.S.C. § 153(53). Following that chain of logic, the FCC concluded that a CLEC may tariff long-distance service only if the CLEC's end user is a *paying* customer – that is, a customer paying "a fee."

In challenging the FCC's decision, Northern Valley contends that the FCC's ruling contradicts two previous FCC orders that allowed CLECs to charge long-distance carriers for calls to a CLEC's non-paying customers. But in both orders, the FCC construed only the terms of the tariff at issue in those cases, *not* FCC regulations. In those cases, the FCC

did not construe its regulations to allow CLECs to charge long-distance carriers for calls to a CLEC's non-paying customers. *See Qwest Communications Corp. v. Farmers & Merchants Mutual Telephone Co.*, 22 FCC Rcd. 17,973, 17,987, ¶¶ 35, 37-38 (2007); *Qwest Communications Corp. v. Farmers & Merchants Mutual Telephone Co.*, 24 FCC Rcd. 14,801, 14,085, ¶ 10 (2009).

On another tack, Northern Valley points out that the FCC has previously refrained from directly regulating the relationship between the CLEC and the end user. But the flaw in that argument is that the FCC is not here regulating the relationship between the CLEC and the end user; rather, the FCC is regulating the relationship between the CLEC and the long-distance carrier.

In short, we conclude that the FCC reasonably interpreted and applied the relevant regulations. Moreover, nothing in the Communications Act precludes the FCC's approach in this case, as Northern Valley's counsel appropriately acknowledged at oral argument. *See* Tr. of Oral Arg. at 6. Therefore, we uphold the FCC's decision that CLECs may not rely on tariffs to charge long-distance carriers for access to CLECs' non-paying customers.

In a separate aspect of its decision in this case, the FCC disapproved a provision in Northern Valley's tariff that required long-distance carriers to dispute a charge in writing within 90 days if the carrier wanted to preserve a legal challenge. The FCC concluded that the 90-day provision conflicted with the two-year statute of limitations set forth in the statute. *See* 47 U.S.C. § 415(b). In our view, the FCC permissibly interpreted the statute to preclude the 90-day provision of the tariff. Although contracts may shorten statutes of limitation, CLEC tariffs are unilaterally imposed.

Therefore, contractual principles that permit the shortening of a statute of limitations do not apply here. The Fourth Circuit, the only other court of appeals to examine that issue in the context of the Communications Act, has reached the same conclusion. *See MCI Worldcom Network Services, Inc. v. Paetec Communications, Inc.*, 204 F. App'x 271, 272 (4th Cir. 2006). Under other statutes, courts have likewise disallowed analogous tariff provisions. *See, e.g.*, *Kraft Foods v. Federal Maritime Commission*, 538 F.2d 445, 446 (D.C. Cir. 1976) (Shipping Act); *Shortley v. Northwestern Airlines*, 104 F. Supp. 152, 155 (D.D.C. 1952) (Civil Aeronautics Act of 1938). Therefore, we uphold the FCC's decision that Northern Valley's 90-day provision violated the two-year statute of limitations set forth in the statute.

\* \* \*

We have considered all of Northern Valley's arguments. We deny the petitions for review.

*So ordered.*