### HERMAN v. CAPITOL AIRLINES, Inc. et al.

United States District Court
S. D. New York.
June 7, 1951.

Jacob Rassner, New York City, for plaintiff.

6. Marcus v. Otis, 2 Cir., 168 F.2d 649, 654.

7. Marcus v. Otis, 2 Cir., 168 F.2d 649, at page 660.

Gay & Behrens, New York City (Edward J. Behrens, New York City, of counsel), for defendant.

WEINFELD, District Judge.

This is an action to recover damages for personal injuries claimed to have been suffered by the plaintiff while a passenger on an airplane operated by the defendant Northwest Air Lines, Inc. on a flight for which the defendant Capitol Airlines, Inc. had issued the ticket to the plaintiff. Both defendants now move for summary judgment and base their motion on the following rule which is part of the defendants' tariff duly filed with the Civil Aeronautics Board pursuant to the Civil Aeronautics Act of 1938, 49 U.S.C.A. § 483(a):

"5. Claims

"I. No action shall be maintained for loss or damage to the property or baggage of a passenger, or for injury to his person, or for any delay in transportation unless notice of the claim is presented in writing to the general offices of the participating carrier on whose lines the loss, damage, injury or delay occurred within 30 days after the occurrence of the loss, damage, injury or delay, and unless the action is actually commenced within one year after such occurrence."

It is not disputed that the flight took place on May 4th, 1947, and that no claim in writing was presented within thirty days after the occurrence of the injury and that this action was not instituted until October or November, 1948, after the expiration of the one-year limitation for the commencement of the action.

It is clearly implicit in the moving papers that the defendants had done everything required by law to make the filed tariff a part of the contract of transportation. The plaintiff, however, contended that the moving affidavits did not establish such compliance with the statutory requirements. The Court permitted the defendants to file supplemental affidavits in which there is a direct and detailed statement of what appeared, perhaps by inference only, in the original moving papers. It is now clear that the tariff was duly filed and that the quoted provision is a part of the contract between the parties. Western Union Telegraph Co. v. Esteve Brothers & Co., 256 U.S. 566, 41 S.Ct. 584, 65 L.Ed. 1094.

In Lichten v. Eastern Airlines, Inc., 2d Cir., 189 F.2d 939, 941, the Court of Appeals held that "* * * questions of the reasonableness of rates and practices are to be left to the administrative agency in the first instance, and that under this doctrine of 'primary jurisdiction' the provisions of a tariff properly filed with the [Civil Aeronautics] Board and within its authority are deemed valid until rejected by it. Texas & P. Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553; Civil Aeronautics Board v. Modern Air Transport, 2 Cir., 179 F.2d 622, 624.

"* * * the reasonableness of the rule could be raised here only after the exhaustion of administrative remedies, * * *."

The plaintiff seeks to escape the operation of the limitation because she claims that she did not know the full extent of her injuries until shortly before she started the action. The cause of action, however, arose at the time of the flight and that is the date from which the time limitation in the tariff must be computed. Schmidt v. Merchants Despatch Transp. Co., 270 N.Y. 287, 200 N.E. 824, 104 A.L.R. 450; Conklin v. Draper, 229 App.Div. 227, 241 N.Y.S. 529, affirmed 254 N.Y. 620, 173 N.E. 892.

The action was not timely and is barred, irrespective of the plaintiff's failure to file her claim. The motion for summary judgment is, accordingly, granted and judgment directed for the defendants.

Settle order on notice.