**Nat TUROFF, Plaintiff,**

v.

**EASTERN AIRLINES, Inc., a corpora-
tion, and David W. Brack,
Defendants.**

**No. 54 C 1022.**

United States District Court,
N. D. Illinois, E. D.

March 16, 1955.

Richard G. Finn, Ignatz Spitz, Chi-
cago, Ill., for plaintiff.

Eckert, Peterson & Lowry, Chicago,
Ill., for defendants.

CAMPBELL, District Judge.

The plaintiff brings this action seeking to recover damages for personal injuries alleged to have been sustained by him as a result of the alleged negligent landing of one of the corporate defendant's airplanes at the Municipal Airport, Chicago, Illinois, on March 3, 1954. The plaintiff was a passenger for hire on said airplane which was piloted by, and in the control of, the individual defendant, David W. Brack.

Jurisdiction is based on the alleged diversity of citizenship of the parties to the case, with the amount in controversy exceeding $3,000, exclusive of interests and costs.

The case is now before the court on the plaintiff's motion to strike the affirmative defense of Eastern Airlines, the corporate defendant, hereinafter referred to as Eastern. In its affirmative defense, Eastern alleges that, in effect, the ticket sold and delivered to the plaintiff bore the printed notation on the back thereof that the ticket was "Sold subject to tariff regulations." The affirmative defense further alleges that at the time of the accident there was in full force and effect a tariff filed by this defendant which provided in part as follows:

"Claims:

"(A) Personal Injury and Death-Time Limitations.

"(1) No action shall be maintained for any injury to or the death of any passenger unless notice of the claim is presented in writing to the general offices of the participating carrier alleged to be responsible therefor within ninety (90) days after the alleged occurrence of the events giving rise to the claim, and unless the action is commenced within one (1) year after such alleged occurrence."

Accordingly, Eastern argues that said tariff regulation became a part of the contract of carriage between the parties and alleges that this action was not commenced within one year, nor was notice filed within ninety days, as provided by the tariff regulation in question.

The issue presented for decision is whether a common carrier can abrogate, by filing a tariff which includes limitation provisions, the statutory period of limitations of a state in which it operates.

The applicable statutory authority pertaining to tariffs, 49 U.S.C.A. § 483, provides as follows:

"(a) Every air carrier and every foreign air carrier shall file with the Board, and print, and keep open to public inspection, tariffs showing all rates, fares, and charges for air transportation between points served by it, and between points served by it and points served by any other air carrier or foreign air carrier when through service and through rates shall have been established, and showing to the extent required by regulations of the Board, all classifications, rules, regulations, practices, and services in connection with such air transportation. Tariffs shall be filed, posted, and published in such form and manner, and shall contain such information, as the Board shall by regulation prescribe; and the Board is empowered to reject any tariff so filed which is not consistent with this section and such regulations. Any tariff so rejected shall be void. The rates, fares, and charges shown in any tariff shall be stated in terms of lawful money of the United States, but such tariffs may also state rates, fares, and charges in terms of currencies other than lawful money of the United States, and may, in the case of foreign air transportation, contain such information as may be required under the laws of any country in or to which an air carrier or foreign air carrier is authorized to operate."

It is quite obvious that the statute does not authorize or require

the inclusion in a tariff of any provisions relating to limitations in personal injury actions. It cannot be denied that with respect to matters authorized or required to be included in a tariff, the tariff regulations do as a matter of law control the carrier and passenger, and this without any actual notice or knowledge other than the constructive notice rendered by the filing of the tariffs so required. However, the tariff provision in issue is a mere gratuitous insertion with regard to a matter not contemplated or authorized by the Act of Congress, or the regulations promulgated pursuant thereto. As such, a passenger is not chargeable with notice as a matter of law with respect to such provisions. See Shortley v. Northwestern Airlines, D.C., 104 F.Supp. 152.

Reaching this conclusion, the issue then presented for decision is whether the plaintiff by virtue of the act of purchasing a ticket which contained, on the back thereof, the notation, "Sold subject to tariff regulations," entered into an agreement regarding the limitation as to claim for injuries and commencement of actions.

It has been held that, with respect to claims for personal injury and suits thereon, a contract may be made imposing conditions as to reasonable time for making claims and for the institution of actions. Gooch v. Oregon Short Line R. R. Co., 258 U.S. 22, 42 S.Ct. 192, 66 L.Ed. 443. The rule has been succinctly stated, however, that the terms of such a contract must be "'distinctly declared and deliberately accepted.'" The Majestic, 166 U.S. 375, 17 S.Ct. 597, 602, 41 L.Ed. 1039. The ticket sold the instant plaintiff did not "distinctly declare" thereon the limitation provisions in issue. It merely referred to the tariff regulations filed by Eastern. The word "tariff" as commonly understood connotes a system of rates and charges. It would be violative of the fundamental principles of contract law to assert that a passenger enters into an agreement limiting the time

in which to file suit for personal injuries by purchasing a ticket which bears the notation that said ticket was "Sold subject to tariff regulations." It must also be observed that Eastern has not alleged that the present plaintiff had knowledge of the limitation provision contained in the tariff and, nevertheless, knowingly accepted them as part of the contract of carriage. Accordingly, it follows that the affirmative defense must be stricken from Eastern's answer.

In reaching this conclusion, I am not unmindful of the authorities that seemingly hold otherwise; however, I believe the better reasoned cases support the position expressed in this memorandum.

Since the matter alleged in the affirmative defense does not constitute a defense to the plaintiff's action, the defendant Eastern Airlines' affirmative defense is hereby stricken from its answer to the plaintiff's complaint.