Anita **HERMAN**, Appellant,

v.

**NORTHWEST AIRLINES** Inc., and Capital Airlines, Inc., Appellees.

No. 152, Docket 23275.

United States Court of Appeals Second Circuit.

Argued April 4, 1955.

Decided May 5, 1955.

Harvey Goldstein, New York City (Jacob Rassner, New York City, on the brief), for appellant.

Edward J. Behrens, New York City, Gay & Behrens, New York City (Charles H. Lawson, New York City, on the brief), for appellees.

Before HAND, SWAN and HINCKS, Circuit Judges.

HAND, Circuit Judge.

This is an appeal from a judgment, summarily dismissing the complaint of a passenger for personal injuries suffered in an airplane. The complaint alleged that the plaintiff bought a ticket from Cleveland to Seattle by airplane, and that she was injured while on the leg of the route between Chicago and Seattle in a plane, owned and operated by the Northwest Airlines Inc. She joined as defendant the Capital Airlines, Inc., which issued the ticket; but as it acted only as an agent for the other company, we disregard it. The ticket contained two limitations; one that the passenger must serve notice of any claim for injuries within thirty days, and the other that suit must be brought within one year. The plaintiff complied with neither limitation, but, since we hold that the second was valid, we ignore the first, regardless of the scope that should be given to the decision of the Civil Aeronautics Board in In re Battista, 1952 U. S. Aviation Reports 471. Northwest Airlines Inc., which we shall speak of as the defendant, was operating under a certificate of public convenience and necessity granted by the Board, and had filed with it a copy of its regulations, one of which, as we have said, provided that the action must be "actually commenced within one year after such occurrence": i. e. after the injury. Judge Weinfeld held that, as the plaintiff had not procured any preliminary ruling of the Board as to the validity of the limitation, she might not chal-lenge it, and that consequently the action was brought too late. Judgment was entered in June, 1951, and neither at the hearing before the judge, nor after the opinion or the judgment was filed, did she ask leave to present to the Board the invalidity of the regulation, so that the only question upon this appeal is whether it was to be deemed valid until the Board declared that it was not.

As to this the plaintiff says, first, that the Board's jurisdiction did not extend to a regulation limiting the time within which an action for personal injuries may be brought, because the statute, § 483(a) of Title 49 U.S.C.A., did not require carriers to file such a regulation with the Board; and its jurisdiction extended only to regulations that had to be filed. To this there are two answers: first, that the jurisdiction of the Board to hear complaints as to the validity of a carrier's regulations is not dependent upon the carrier's duty to file the regulation with the Board; and second, that the statute imposed upon the carrier a duty to file with the Board such a regulation as that at bar. Section 642 of Title 49 defines the Board's jurisdiction; it is entitled, "Complaints to and investigations by Board", and subdivision (g) provides that "whenever any air carrier shall file with the Board a tariff stating a new * * * rate, fare, or charge * * * or any * * * regulation * * * affecting such rate, fare, or charge, or the value of the service thereunder, the Board is empowered * * * to enter upon a hearing concerning the lawfulness of such * * * regulation." A passenger's action to recover damages for personal injuries, is based upon a claim for the carrier's failure to render the agreed service, and involves "the value of the service," a part of which is the passenger's safe delivery at the agreed destination. The measure of the recovery is the difference between the safe delivery of the passenger and the actual delivery; and a regulation that limits the time within which that claim may be asserted certainly "affects" the value of the recovery: the substitute for

the service. Hence § 642(g) gives the Board jurisdiction over such claims, regardless of whether the carrier is under any duty to file the limiting regulation. But, even were it otherwise, § 483(a) does in fact require carriers to file such a regulation; for it covers carriers' regulations "showing, to the extent required by regulations of the Board, all classifications, rules, regulations * * * in connection with * * * air transportation"; and the Board's Regulation § 224.1(e) (7) is in part as follows: "General rules which govern the tariff: i. e. state conditions that in any way affect the rates named in the tariff or the service under such rates." The reasons we have just given in discussing § 642 (g), show that a regulation, limiting the time within which an action based on the negligent carriage of passengers may be brought, "affect" the "service" under prescribed rates and hence they must be filed.

■ All that remains is whether the carrier's regulation must be deemed valid until the Board declares otherwise; and, as to that, our decision in Lichten v. Eastern Airlines, 2 Cir., 189 F.2d 939, 25 A.L.R.2d 1337 is authoritative. Incidentally, it escapes at least two of Judge Frank's criticisms of the majority's ruling in that case; for the regulation there involved, exculpated the carrier from liability for its negligence on the agreed route and also upon a deviation. It is indeed true that a common carrier of passengers is not free to set as short a period as it pleases within which a passenger must sue for damages arising from its negligence—the period must be "reasonable"—but that is a quite different question from whether it may altogether exculpate itself from the consequences of its negligence [1]; or, indeed, whether it may limit the recovery to less than the actual loss or injury. Both regulations do indeed "affect" the "value of the service"; but it is a far greater limitation of the carrier's responsibilities to allow it to limit its care than to fix a period before the end of which suit must be brought. Assuming for argument that no regulation ought to be allowed to relieve the carrier of its duty, there is every reason for allowing the Board to pass upon the adequacy of the time for suit. Finally, it is irrelevant that after the plaintiff's claim arose, the Board held that all such limitations should be invalid in the future.

Judgment affirmed.

---

1. Gooch v. Oregon Short Line Ry., 258 U.S. 22, 42 S.Ct. 192, 66 L.Ed. 443.