K. H. MAO and Diana Mao, Plaintiffs,

v.

EASTERN AIR LINES INCORPO-
RATED, Defendant.

No. 67–Civ. 2786.

United States District Court,
S. D. New York.

Jan. 13, 1970.

Hill, Betts, Yamaoka, Freehill & Long-cope, New York City, for plaintiffs, Eli Ellis, Robert W. Mullen, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant.

## MEMORANDUM

CROAKE, District Judge.

Plaintiffs K. H. Mao and Diana Mao instituted the above-entitled action against defendant Eastern Air Lines Incorporated [Eastern] by filing a complaint in this Court on July 20, 1967. The complaint alleges that on or about November 5, 1966, Eastern negligently lost baggage containing jewelry owned by plaintiffs worth approximately $29,-000.

Plaintiffs now move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in their favor, holding Eastern liable without limitation and reserving for trial the question of damages. Eastern cross-moves for summary judgment in its favor seeking a limitation of plaintiffs' recovery to $1,000, the maximum liability allowable under its tariff rules.

On November 5, 1966, plaintiffs purchased two regular passenger tickets from Eastern at New Orleans, Louisiana, for transportation to Washington, D. C. They reported at the Eastern ticket counter before the scheduled departure of their flight and turned over to the Eastern ticket agent three pieces

of luggage. This baggage was duly checked by the defendant and claim tags were issued and delivered to the plaintiffs, which stated on the back:

"BAGGAGE CHECKED SUBJECT TO TARIFFS: INCLUDING LIMITATIONS OF LIABILITY THEREIN CONTAINED."

Among plaintiffs' baggage was a "three-suiter" suitcase which allegedly contained 23 items of jewelry given to plaintiffs on the occasion of their wedding in New York City on October 29, 1966 and worth approximately $29,000. The value ascribed to the jewelry, which had been passed from generation to generation in plaintiffs' families, represents the opinion of Mr. Mao, who is not in the jewelry business.

In its answer, Eastern admits that when plaintiffs submitted their baggage claim tags at their destination in Washington, D. C., the suitcase containing the jewelry could not be located and, as a consequence, the property could not be redelivered to plaintiffs.

The only affirmative defense interposed in behalf of Eastern is a partial one predicated upon Rule 71 of the tariff, the pertinent parts of which read as follows:

"Rule 71 *LIMITATION OF LIABILITY*

(A) The liability, if any, of all participating carriers for the loss of, damage to, or delay in the delivery of any personal property, including baggage (whether or not such property has been checked or otherwise delivered into the custody of the carrier) shall be limited to an amount equal to the value of such property, which shall not exceed the following amounts for each ticket:

\* \* \* \* \* \*

"$500.00 When \* \* \* EA \* \* \* is responsible for the loss, damage or delay or when the transportation is entirely over the lines of two or more such carriers and it cannot be determined which carrier is responsible for the loss, damage or delay;

\* \* \* \* \*

"(Applicable to \* \* \* EA \* \* \*)

unless the passenger, at the time of presenting such property for transportation, when checking in for a flight, has declared a higher value and paid, for each carrier via which such property is to be transported, an additional transportation charge, at the rate of 10 cents for each $100.00 or fraction thereof, by which such higher declared value exceeds the applicable amount set forth above, in which event carrier's liability shall not exceed such higher declared value; \* \*. See paragraph (c) below for declared value limits."

\* \* \* \* \*

"(C) No participating carrier will accept for transportation or for storage personal property, including baggage, the declared value of which exceeds:

\* \* \* \* \*

"For \* \* \* EA \* \* \* $5,000.00

\* \* \* \* \*

"Exception 3: \* \* \* EA \* \* \* will accept a declaration of value of money, jewelry, silverware, negotiable papers, securities, business documents, samples, paintings, antiques, artifacts, manuscripts, irreplaceable books or publications or other similar valuables in excess of $500.00 (U. S. Currency), only when such valuable articles are not included in checked baggage."

Conceding that the lost baggage had a value of $1,000, Eastern takes the position that its total liability for the loss of the suitcase with the jewelry cannot exceed $1,000 under Rule 71(A). This is Eastern's maximum liability under the tariff rules, since there was no declaration of higher valuation under Rule 71 (C).[1]

Plaintiffs raise the issue, however, as to whether the words "sold subject to tariff" printed on the contract of carriage, is sufficient to bind an otherwise unnotified traveler.

■ It is well established that tariffs filed with the Civil Aeronautics Board [CAB] constitute the contract of carriage between airlines and their passengers and, if valid, conclusively and exclusively govern the rights and liabilities between the parties. Tishman & Lipp, Inc. v. Delta Air Lines, 413 F.2d 1401 (2d Cir. 1969); Slick Airways, Inc. v. United States, 292 F.2d 515, 154 Ct.Cl. 417 (1961); Lichten v. Eastern Air Lines, Inc., 189 F.2d 939 (2d Cir. 1951); 49 U.S.C. § 1373. Moreover, limitations of liability in tariffs required to be filed by air carriers with the CAB are binding on passengers and shippers whether or not the limitations are embodied in the transportation documents. Tishman & Lipp, Inc. v. Delta Air Lines, supra; Vogelsang v. Delta Air Lines,

Inc., 302 F.2d 709 (2d Cir. 1962), cert. denied, 371 U.S. 826, 83 S.Ct. 46, 9 L.Ed.2d 65 (1962); cf. Herman v. Northwest Airlines, Inc., 222 F.2d 326 (2d Cir.), cert. denied, 350 U.S. 843, 76 S.Ct. 84, 100 L.Ed. 751 (1955). It follows then that plaintiffs in this case, as passengers on a domestic flight, were conclusively deemed to have had notice of the contents of Eastern's tariff and were consequently bound by its limitation as a matter of law.

This Court notes that plaintiffs did not avail themselves of protection afforded by the use of alternative means of carriage. Apparently, it would have been a simple matter for plaintiffs to have carried the "little" jewelry box (dep. pp. 30–31) aboard the plane and kept it on their person. Plaintiffs also did not choose to ship their valuables as air freight although they could have easily done so prior to their flight. Had they chosen to ship by air freight, as did the passenger carrying jewelry in the *Tishman* case, *supra*, plaintiffs would simply be required to deliver the baggage in question to Eastern as freight, have the fact that it contained jewelry noted on the air bill, and pay the applicable charge predicated upon the valuation declared. The above would be in compliance with those provisions of the air freight tariff.

---

1. It will be noted that no less than 18 carriers, including Eastern, will not accept a declaration of value in excess of $500.00 on jewelry and other items "included in checked baggage." This provision is simply a paraphrase of the order of the C.A.B. in the Baggage Liability Rules Case, Docket 15529, Order No. E–24198, adopted September 19, 1966. This same order permitted the airlines to refuse to accept a declaration of value over and above the limitation by directing that such a declaration on the named valuables be accepted when such articles were not included in checked baggage.

The reasons for the above were succinctly stated by the hearing examiner at p. 24 of his opinion and quoted by Judge Milton Pollack of this Court in Tishman & Lipp, Inc. v. Delta Airlines, 275 F. Supp. 475 at 478, n. 5 (S.D.N.Y.1967) as follows:

" * * *. Because of the special problems of transporting articles of exceptional value, such articles in checked baggage need not be subject to a declaration of excess value since they may be handled by alternative means." "The alternatives open to the passenger who must carry valuables worth more than the carrier's limit of liability include retention of the items on his person, the use of air freight or air express, and other special services especially designed for the purpose. Considering the problem which responsibility for the carriage of items of exceptional value would create for the carriers, these alternatives are reasonable substitutes for the protection afforded by a declaration of extra value (for checked baggage)."

Plaintiffs chose not to exercise these options and had their luggage, including their jewelry, transported as checked baggage. Having made such a decision, plaintiffs' rights are determined by Eastern's tariff and their recovery is limited to $500.00 per passenger, or $1,000.00, pursuant to Rule 71(A). This result is not inequitable for, as the Court pointed out in the *Tishman* case, *supra*, 413 F.2d at 1407:

" * * * [Plaintiff], by failing to put the air carrier on notice of the nature of the baggage contents not only took advantage of the lower air freight rate * * * but deprived the carrier of the opportunity to take the extra precautions the safety of such valuable cargo required, * * * It is only just that the loss should fall on the one who, with knowledge of the value involved, chose to take the chance."

Accordingly, plaintiffs' motion for summary judgment in its favor is denied and Eastern's cross-motion for summary judgment in favor of plaintiffs in the amount of $1,000.00 is granted.

So ordered.