Paul J. Yesawich, Jr., J.
This is a motion by the defendant, an air carrier, for summary judgment. It is unoontroverted that on March 21,1970 plaintiff delivered a carton to the defendant at the Broome County Airport for shipment to Washington, D. C. At the time of delivery plaintiff’s agent was given a receipt by the carrier, on the face of which, the following statement was printed “Not Responsible for Damage or Loss to Shipment Unless a Value is Declared.” No value for the carton was declared by the plaintiff. On March 22, 1970, the carton was destroyed when the defendant’s plane crashed as a result of an undetermined cause.
Thereafter plaintiff instituted this action to recover $3,675, the claimed value of the contents of the carton. Plaintiff asserts two causes of action, one for breach of contract and one in negligence. As a defense to the action, defendant claims that because plaintiff failed to declare any value for the shipment it is not responsible for the plaintiff’s claimed loss. Since it is undisputed that the carton was delivered to defendant and not returned, plaintiff also claims it is entitled to summary judgment.
Defendant operates subject to the provisions of the Federal Aviation Act (U. S. Code, tit. 49, § 1301 et seq.). With respect to negligent loss of or damage to freight the contractual rights and obligations of an air carrier and its shipper are governed by that act and not by common law or by some other statute (Tishman & Lipp v. Delta Air Lines, 275 F. Supp. 471, 481, affd. 413 F. 2d 1401 ; Milhizer v. Riddle Airlines, 185 F. Supp. 110, affd. 289 F. 2d 933). In Lichten v. Eastern Airlines (189 F. 2d 939) the court, alluding to the statutory contrast between the Interstate Commerce Act (U. S. Code, tit. 49, § 20, subd. [11]) and the Civil Aeronautics Act, concluded that the Civil Aeronautics Board (CAB) could properly accept an air carrier’s tariff which limited the carrier’s liability for loss or damage to specified property, regardless of its own negligence. Airline tariffs limiting the amount of an air carrier’s liability for loss *710 of property are now uniformly upheld. (1 Kreindler, Aviation Accident Law, § 3.12 [13] p. 167.)
Plaintiff contends that since defendant’s tariff schedules were not filed with the CAB, it could not lawfully limit its liability, and the receipt in purporting to do so was void and illegal, per se. The defendant was obliged to file its tariffs with the CAB (U. S. Code, tit. 49, § 1373, subd [a]) unless the CAB exempted it from doing so. (U. S. Code, tit. 49, § 1386, subd. [b], par. [1].) By part 298 of the Economic Regulations promulgated by the CAB, air carriers of the defendant’s classification have been granted a general exemption from certain requirements of the Federal Aviation Act, including the obligation to file tariffs (other than those relating to liability limits under the Warsaw Convention). Thus while the defendant was required to establish, observe and enforce just and reasonable tariffs (U. S. Code, tit. 49, § 1374) under part 298 of the CAB’s Economic Regulations it was exempt from filing them with any public body. Having been granted this exemption defendant’s obligation was reduced to adopting the requisite tariffs and making them available to the public. When this obligation was met the tariffs constituted the contract of carriage between the parties and the shipper was deemed to have had notice of any limitations of property damage liability in the defendant’s tariffs. (Tishman & Lipp v. Delta Air Lines, 413 F. 2d 1401, supra ; Mao v. Eastern Air Lines, 310 F. Supp. 844.) The mere fact that the defendant was relieved of the burden of filing these tariff schedules neither diminished the validity of the defendant’s tariffs nor its right to limit its liability.
It is not disputed that the defendant had adopted valid and requisite tariff schedules, and that those schedules permitted defendant to limit its liability to $50 unless a higher value was declared by the shipper, in which event a charge of 15 cents per $100 was imposed. Nor is it asserted that the tariffs were not available for inspection by the public. Plaintiff’s agent, in an answering affidavit merely states he was “never advised” by the defendant that plaintiff could declare a higher value on the articles shipped, and while it is not claimed that he ever sought to examine them, he avers that he was never ‘ ‘ shown ’ ’ the defendant’s tariff schedules.
The carrier was not required to give the shipper direct oral notice that it had a choice of valuations, or to bring to the shipper’s attention specifically the fact that its tariffs limited its property damage liability. (Tannenbaum v. National Airlines, 13 Misc 2d 450.) The receipt conspicuously, unambiguously and concisely gave notice of the fact that the defendant would not *711 be responsible for damage to the shipment and employed language that directed a shipper’s attention to the importance of making a declaration of value. The language clearly suggested that a shipper had the choice of placing a value on the shipment and this invitation, to declare the value of the carton, was not buried in a maze of extremely small type or camouflaged in any way. (Cf. Lisi v. Alitalia-Linee Aeree Italiane, 253 F. Supp. 237, affd. 370 F. 2d 508, affd. 390 U. S. 455 ; Anglo-American Hides Co. v. Pan-Amer. World Airways, C.C.H. 11 Avi. 17, 148.) Further it is noted that receipts of the same kind, each containing the very same printed notice had been delivered by defendant to plaintiff’s agents for each of the seven shipments which plaintiff had made earlier the same month.
Defendant’s motion for summary judgment is granted.