Per Curiam.

Defendant moved for summary judgment on the basis of plaintiff’s bill of particulars, his examination before trial, and its passenger tariff rule on file with the Civil Aeronautics Board setting time limitations on baggage claims.
Plaintiff states that his bag had been cut open and a fur jacket removed during the course of a domestic flight; that he discovered the loss when he arrived home that day; that he made no claim to any person but wrote a letter to defendant airline about the loss 24 days later.
The tariff rule requires complaint in writing to the carrier within 7 days in the case of damage to baggage, and within 21 days in the case of loss, but the rule then goes on to state that the failure to give written notice shall not be a bar to suit if claimant shows that it was not reasonably possible for him to give such notice or that the carrier had knowledge of the claim. Here not only was written notice not given until after the maximum 21-day period; plaintiff also had failed to do what any reasonable man would have done — orally complain or report the incident to the carrier within a reasonable time after discovery, which would have obviated the requirement of written notice. The rule quite reasonably sets a time limit so that a prompt investigation can be made in an endeavor to locate the item, verify the claim and identify the person or practice responsible.
Domestic flights are governed by the statute establishing the Civil Aeronautics Board (U. S. Code, tit. 49, § 401 et seq., now § 1301 et seq.) and the regulations of the board pursuant thereto (Code of Fed. Beg., tit. 14). These require the filing with the board of tariffs containing all provisions “which in any way increase , or decrease the value of the services rendered to the shipment or passenger or charterer ” (Code of Fed. Beg., tit. 14, *993 § 221.38, subd. [a], par. [4]). In Herman v. Northwest Airlines (222 F. 2d 326), it was pointed out that this required carriers to file any rule limiting the time within which a claim was to be asserted. Herman then held that the ‘ ‘ authoritative ” principle whs that the carrier’s rule “must be deemed valid until the Board declares otherwise ” (p. 328; see, also, Lichten v. Eastern Airlines, 189 F. 2d 939; Alco-Gravure Div. of Pub. Corp. v. American Airlines, 173 F. Supp. 752; Mao v. Eastern Air Lines, 310 F. Supp. 844). The board, after an investigation of tariff liability rules relating to loss of or damage to baggage or cargo, as well as personal injury and death, made a regulation denying binding effect to any personal liability time limitation rule (Code of Fed. Beg., tit. 14, § 221.38, subd. [h]), but has made no ruling, decision or regulation affecting the validity of property time limitation tariff rules.
The fact that this tariff rule was printed in virtually invisible type on the plane ticket is immaterial, since the filing with the board of the tariff containing that rule constituted constructive notice, whether or not the passenger knew of the existence of the rule. The court may, of course, refuse to recognize what it deems to be an unreasonable time limitation until the board passes on the rule with appropriate review procedures available to the parties. But here, in light of the provisions of this tariff rule, the delay of 24 days must be deemed unreasonable as a matter of law and defendant held entitled to summary judgment upon the law and upon the facts assertedby plaintiff himself.
The cases cited in the dissenting memorandum are not applicable. They deal in the main with limitation of liability problems, and there is a significant distinction both in concept and practical application between limited liability and time limitation questions. A provision for limited liability is enforceable only if adequate notice thereof has been given to the passenger so that he may protect himself by declaring full value and paying a higher rate for his baggage, or obtaining flight insurance for himself. Thus, Lisi v. Alitalia-Linee Airee Italiane (370 F. 2d 508) and Egan v. Kollsman Instrument Corp. (21 N Y 2d 160) hold that a carrier is not entitled to invoke the provision for limited amount of damages recoverable for personal injuries or death on an international flight under the Warsaw Convention where the ticket, in exceedingly fine print, does not give sufficient notice that the rules of the Convention relating to limited liability are applicable. But the fact that the ticket is illegible and unreadable has been held not to affect the applicability of the *994 Warsaw Convention’s special time limitation rule of a short Statute of Limitations (Molitch v. Irish International Airlines, 436 F. 2d 42; Bergman v. Pan Amer. Airways, 32 A D 2d 95). The remainder of the cases cited involve claims against steamship companies, which are not governed by a regulatory agency, such as the Civil Aeronautics Board, established by Congress under a law requiring the filing of tariff rules subject to the regulations and supervision of the board.
The order should be affirmed, with $10 costs.