Markowitz, J.
(dissenting). Defendant has been granted summary judgment, in an action to recover the value of a sable jacket stolen from plaintiff’s luggage while checked with defendant, on the ground that plaintiff failed to give the airline timely notice of the loss.
The motion was based on the defense in the answer that the airline had been exonerated from liability under the conditions of the contract between the parties and defendant’s applicable tariff. The moving affidavit puts it thus: “ A’provision of Pan American’s Passenger Rules Tariff on file with the Civil Aeronautics Board mandates that no action shall lie against the carrier unless written notice of a passenger’s claim is dispatched within seven days from the date of the receipt of his baggage.”
Plaintiff and his family were passengers aboard Pan American Flight 270 from St. Thomas to New York on December 29, 1968. When they got home, they found the jacket missing from one of the suitcases. Plaintiff wrote the airliné about the loss by letter dated January 22,1969 — some 24 days later.
Plaintiff’s position is that he had no notice of the time limitation provision in the tariff and that the ticket he received was printed in such small type as to make it virtually illegible and impossible- to read.
Notice on a plane ticket, .by microscopic type, unnoticeable, unreadable and virtually invisible, is insufficient to bring knowledge to the passenger that he must give written notice to the carrier of missing items in his baggage forthwith and at the latest, within seven days from the date of receipt of the bag, or lose his rights (Lisi v. Alitalia-Linee Aeree Italiane, 253 F. Supp. 237, affd. 370 F. 2d 508, affd. 390 U. S. 455, rehearing den. 391 U. S. 929, Egan v. Kollsman Instrument Corp., 21 N Y 2d 160; Stolk v. Compagnie Nat. Air France, 58 Misc 2d 1008, affd. 64 Misc 2d 859; KiKi Hart, Inc. v. Empire State Messenger Serv., Sept. 1968, No. 386). I am not jaersuaded that, despite
*995 such lack of knowledge, plaintiff was bound, as a matter of law, by this requirement simply because a domestic flight was involved and the carrier had filed a tariff containing such a provision in its passenger rules.
(The 21-day provision in the same tariff rule does not apply. This applies only to “ delay” in returning the bag, in which case the applicable period is 21 days from the date on which the baggage is placed at the passenger’s disposal, and to “loss ” of the bag, in which case the applicable period is 21 days from the date the baggage “ should have been placed at his disposal ”.)
Notwithstanding the tariff, a carrier may not exclude or exonerate itself from liability in this fashion without bringing home knowledge by, or proper notice to, the passenger of the provision to that effect when the contract of transportation was made (The Majestic, 166 U. S. 375, 384 — 386; Maibrunn v. Hamburg-Amer. S. S. Co., 77 F. 2d 304; Azrak v. Panama Canal Co., 117 F. Supp. 334). The passenger’s lack of knowledge of the exclusion or exoneration provision precludes summary judgment in favor of the carrier based on that provision (Ager v. Den Norske, 336 F. Supp. 1187,1189).
Moreover, the period allowed for making' the claim must in any event be reasonable. A common carrier of passengers is not free to set as short a period as it pleases within which a passenger must give written notice of a claim or forfeit the claim. Requiring written notice forthwith, or no later than 7 days after the passenger picks up his bag, may or may not be ‘1 reasonable ” as a matter of fact; it is certainly not reasonable, beyond debate, as a matter of law.
The cases relied on by defendant are distinguishable. In Alco-Gravure Div. of Pub. Corp. v. American Airlines (173 F. Supp. 752) the court said (p. 755): “ But on examination it is found that all the federal district court cases cited [holding in effect that regulations as to the time of notice of claims in airline schedules were not binding on a plaintiff] were decided prior to the decision in the Herman case* in the Second Circuit and all of them related only to claims by passengers and none of them involved provisions as to timely notice of damage to cargo shipments.”
The case before us relates to a claim by a passenger. It does not involve notice of damage to a cargo shipment.
*996 Herman v. Northwest Airlines (222 F. 2d 326, supra) involved a contractual Statute of Limitations, not a severely limited period in which to give written notice of the passenger’s claim, at the risk of exonerating the carrier from liability. The court in Herman (222 F. 2d 326, supra) expressly stated that it was ignoring a similar requirement in the ticket in that case, i.e., that notice of the claim had to be given within 30 days (p. 327).
I note parenthetically the clause in the Per Curiam that plaintiff “ states that his bag had been cut open and a fur jacket removed during the course of a domestic flight”. The record shows the following: The bill of particulars alleges that defendant- ‘ permitted and allowed a piece of luggage to be opened and a fur jacket removed therefrom while in its exclusive custody and control.” The further bill of particulars alleges that defendant breached the contract with plaintiff ‘ ‘ in handling plaintiff’s bag so that it could be cut open and the fur jacket removed.” The moving affidavit makes no reference whatever to how the jacket was stolen from the bag. The letter of January 22,1969, states that the jacket was found to be missing when plaintiff arrived at his home, and that it ‘ ‘ must have been stolen from my bag while in your custody.” In this context the categorical clause in the Per Curiam, alluded to, finds scant justification in the record.
Issues of fact as to the readability of plaintiff’s ticket and the reasonableness of the provision relied on by defendant mandate denial of summary judgment to defendant. The order appealed from should, therefore, be reversed; and I so vote.
Gold and Streit, JJ., concur in Per Curiam opinion; Markowitz, J., dissents in memorandum.
Order affirmed, etc.

 [Herman v. Northwest Airlines, 222 F. 2d 326, cert. den. 350 U. S. 843.]