Leonard H. Sandler, J.
Plaintiff, .¿Etna Insurance Company, (¿Etna), subrogee of one Esther Berkey, owner of a certain fur coat and hat, sues Bor-Air Freight Co., Inc. (Bor-Air), an air carrier, for the value of the coat and hat which had been lost in transit while in the possession of Bor-Air. Bor-Air defended on the grounds that (1) neither the plaintiff nor its subrogor had filed a written claim within the 120-day period prescribed in the tariff filed by Bor-Air with the Civil Aeronautics Board (C. A. B.) pursuant to sections 1371 and 1373 of title 49 of the United States Code, and (2) that Bor-Air was released from liability when it settled a claim for the loss filed by Crest Fur Manufacturers, Inc. (Crest), a fur manufacturer that had shipped the articles to the Berkeys. In addition, Bor-Air at trial moved to amend its pleadings to add the further defense that the action was not brought within, the one-year period of limitations also set forth in its tariff.
A third-party action by Bor-Air against Crest was severed by this court because of the unavoidable absence of Crest’s lawyer, and the view of the court that a separate trial of the main action was preferable to a delay of both.
The essential facts are these;
*329 The Berkeys had originally shipped the coat to Crest with the directions that it be remodeled and that a matching hat be made up. Upon completion of the work, Crest arranged for Bor-Air to ship the coat and hat back to the Berkeys, valuing them in the accompanying air bill, dated March 1, 1968, at $1,000. The air bill contained the customary printed language that the goods were shipped pursuant to tariffs filed with the C. A. B., without any further or more specific reference to the provisions here in question. Berkey was invoiced by Bor-Air for the cost of shipment.
The goods never arrived. By letter dated April 3,1968, Crest reported the loss to Bor-Air, noted that the goods had been valued at $1,000, and entered a claim for the loss. Appended to the letter was a copy of an invoice to the Berkeys, charging $350 for the remodeling of the coat and an additional $150 for . the hat.
In a subsequent more formal notice of claim dated June 18, 1968, which again described the consignment to the Berkeys, the coat was valued at $1,000, the hat at $150, and the cost of the remodeling of the coat was fixed at $350.
Crest’s claim was settled for a total of $500, the precise charge in its bill to the Berkeys. Payment was made by check on August 8, 1968. Crest executed a release on July 31, 1968 in which it undertook to hold Bor-Air harmless against later claims for the loss.
While Crest was pursuing the matter with Bor-Air, the Berkeys, quite understandably, were pressing a claim against ¿Etna under their insurance policy. That claim was ultimately settled for the sum of $975 on or about August 17,1968.
It is undisputed that no claim was directly filed with Bor-Air by the Berkeys or ¿Etna within the period fixed in the tariff, nor was the action itself commenced within the year period also prescribed in the tariff.
The rule has been long established that provisions of tariffs filed by licensed air carriers with the C. A. B. are valid unless and until they are rejected by that body (see Lichten v. Eastern Airlines, 189 F. 2d 939 [C. A. 2d, 1951]), and no contention has been here advanced by the plaintiffs that the tariff provisions in question were ever so rejected.
Nonetheless, an interesting split of authority developed among Federal District Courts with regard to provisions requiring a written claim within a specified period. (Cf. Turoff v. Eastern Airlines, 129 F. Supp. 319 [N. & E. D. Ill., 1955], Shortley v. Northwestern Airlines, 104 F. Supp. 152 [D. C., 1952] and *330 Thomas v. American Airlines, 104 F. Supp. 650 [E. & W. D. Ark., 1952] with Wilhelmy v. Northwest Airlines, 86 F. Supp. 565 [W. D. Wash., 1949] and Indemnity Ins. Co. of North Amer. v. Pan Amer. Airways, 58 F. Supp. 338 [S. D. N. Y., 1944].)
The courts denying effect to such provisions reasoned that the statute requiring the filing of tariffs did not authorize that kind of provision, and that the rule sustaining the validity of tariffs until rejected by the C.A.B. was accordingly inapplicable.
That issue appears to have been resolved in favor of upholding provisions of the kind here presented in Herman v. Capitol Airlines (104 F. Supp. 955 [S. D. N. Y., 1951], affd. sub nom. Herman v. Northwest Airlines 222 F. 2d 326 [C. A. 2d, 1955], cert, den. 350 U.S. 843 [1955]).
The Circuit Court there found periods of limitation to be appropriate for inclusion in filed tariffs, and specifically sustained a one-year limitation in the absence of rejection by the O. A. B. prior to the loss in question.
Although the court in the Herman case expressly declined to rule on a 30-day written claim provision also before it, I can see no satisfactory basis for distinguishing the one kind of provision from the other.
Accordingly, I conclude that the written claim notice requirement before me is valid and binding, although I personally believe the fairer rule would be to require direct reference to such arrangements on the air bill itself. (Cf. Lisi v. Alitalia-Linee Aeree Italiane, 370 F. 2d 508 [C.A. 2d, 1966], affd. 390 U. S. 455 [1967], rehearing den. 391 U. S. 929 [1968].)
The question thus squarely presented is whether the claim filed by Crest represents as to the Berkeys and their subrogor sufficient compliance with the tariff to permit this action.
The Bor-Air tariff provision required ‘ ‘ a written claim, sufficiently describing the cargo carried, the approximate date of the damage and the details of the claim.”
It need hardly be underlined that any ambiguity in this kind of provision should be resolved against the drafter of the provision.
Preliminarily, the tariff provision does not in words require that the claim be filed by the party who ultimately sues. It seems equally plain that the principal purpose of the written claim — to alert the carrier to the fact of the loss and permit prompt investigation — was here adequately satisfied.
More than that, the information provided by Crest to Bor-Air was quite explicit in delineating the interests involved in the lost goods. Bor-Air was on notice that the Berkeys (whom it *331 had invoiced) were the owners of the lost coat and hat, valued respectively at $1,000 and $150.
Bor-Air was also advised that Crest had a claim for $500 against the Berkeys for work done in connection with the lost articles.
These details set forth in the papers submitted by Crest seem more than adequate to establish a compliance with the claim requirements as to both Crest and the Berkeys. (Cf. Delaware, L. & W. R. Co. v. United States, 123 F. Supp. 579 [S. D. N. Y., 1954] ; Kvasnifoff v. Weaver Bros., 405 P. 2d 781 [Alaska, 1965]; Beltrami Co-Op. Creamery Assn. v. American Ry. Express Co., 160 Minn. 221 [1924]; but cf. Delphi Frosted Food Corp. v. Illinois Cent. R. R., 188 F. 2d 343, 345 [C.A. 6th, 1951].)
The evidence is wholly obscure as to the basis on which BorAir agreed to settle Crest’s claim for $500 — the precise amount for which Crest had billed the Berkeys. But surely this settlement, which wholly ignored the paramount rights of the owner, is ineffective to bar this action.
Bor-Air’s belated motion to amend its pleadings to add the defense that the action was not brought within the year fixed in its tariff presents a peculiarly troublesome question. The validity of this kind of provision, absent rejection by the C. A. B., was definitively established in the Herman case (supra). That this action was brought long after the expiration of the period is a matter of record. The defense, if permitted to be interposed at this time, would be decisive.
The combination of facts before me presents a very close question as to whether the court’s discretion to permit late amendments of pleadings shotild be exercised (CPLR 3025, subd. [b] ; cf. Gleeson v. Fairmont Manor Co., 38 A D 2d 802 [1st Dept., 1972]; Manavetz v. City of New York, 283 App. Div. 1095 [2d Dept., 1954]; Karp v. Antelman, 285 App. Div. 955 [2d Dept., 1955] ).
On the one hand, no explanation for the lateness of the motion is presented, other than the obvious fact that there had been an oversight by the original pleader, not discovered by the trial lawyer until the trial. On the other hand, I can find no prejudice whatever to the plaintiff, since the issue raised is one of law only, and its earlier pleading could in no way have affected the trial of the case. In short, the principal factors that have been looked to in deciding this kind of issue are evenly balanced.
In resolving the question, I have considered that there is particularly little excuse for -¿Etna, an insurance company with vast experience in all kinds of litigated claims, to have been unaware *332 of the tariff limitations and to have failed to act promptly to enforce its claim. Moreover, I think it extremely unlikely that -¿Etna was not in fact aware of the provisions in questions some time before the trial.
Accordingly, in the exercise of judicial discretion I am granting the motion to amend. Since the one-year limitation is valid, and the action was not timely brought, judgment accordingly must be entered for the defendant. However, in view of the belated pleading of the issue found to be decisive, I direct that there be no costs for either party. The third-party action is likewise dismissed without costs.