341 So.2d 272 (1977)
LIFE SCIENCES, INC., Appellant,
v.
EMERY AIR FREIGHT CORPORATION, Appellee.
No. 76-882.
District Court of Appeal of Florida, Second District.
January 7, 1977.
Martin E. Rice, Harris, Clark, Green & Piper, St. Petersburg, for appellant.
Keith E. Rounsaville, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellee.
GRIMES, Judge.
This case turns on the validity of a one year property damage claims limitation set forth in a tariff filed by an air freight forwarder with the Civil Aeronautics Board (CAB).
In October of 1971, appellant (Life Sciences) delivered frozen biological specimens to appellee (Emery) for air freight shipment to Rutgers University. En route, the specimens thawed and were destroyed. On December 8, 1971, Emery notified Life Sciences in writing that its claim for the loss was rejected. Life Sciences then filed suit alleging that Emery had negligently permitted the shipment to be destroyed. The first complaint was dismissed without prejudice when Life Sciences' attorney failed to appear for trial. Life Sciences filed a new complaint more than one year after the date upon which Emery had notified it of the disallowance of the claim but within the period of time permitted by the pertinent Florida limitations statute if it is applicable.
The trial court granted Emery's motion for summary judgment upon the ground that the cause of action was barred by Rule 120 of Emery's tariff. This rule, promulgated pursuant to Section 403 of the Federal Aviation Act of 1958, 49 U.S.C. § 1373, states in part:
"A. In the case of shipments destined to points in the United States and Puerto Rico, the Forwarder shall not be liable in any action brought to enforce a claim ... unless such action is brought within one (1) year after the date written notice is given to the claimant that the Forwarder has disallowed the claim in whole or in part."
The first suit was filed within the one year limitations period. Yet, when that suit was dismissed, the time during which it was pending did not toll the limitations period and cannot be deducted from the total lapsed time in determining whether the subsequent complaint was timely filed. Hamilton v. Largo Paint & Decorating, Inc., 335 So.2d 623 (Fla.2d DCA 1976).
Moreover, the provisions of Section 95.03, Florida Statutes (1971), which prohibit the contractual shortening of statutory limitation periods, have no effect upon Rule 120 because the regulation of shipments of goods in interstate commerce has been preempted by federal authority. Hoagland v. Railway Express Agency, 75 So.2d 822 (Fla. 1954); Atlantic Coast Line R.R. Co. v. Chase & Co., 109 Fla. 50, 146 So. 658 (1933); *273 Scheibel v. Agwilines, Inc., 156 F.2d 636 (2d Cir.1946); Lichten v. Eastern Airlines, Inc., 189 F.2d 939 (2d Cir.1951). Therefore, the validity of this tariff limitation period under federal law is critical.
Life Sciences argues that Rule 120 is invalid because the inclusion of a time limitation in its tariff is not specifically authorized by 49 U.S.C. § 1373. There was originally a split of authority in the federal district courts on this subject. See Aetna Insurance Company v. Bor-Air Freight Co., Inc., 72 Misc.2d 327, 338 N.Y.S.2d 786 (Civ. Ct. 1972). The conflict was apparently resolved in Herman v. Northwest Airlines, 222 F.2d 326 (2d Cir.1955), where it was held that the provisions of the federal statute and the regulations promulgated thereunder relating to the services of the carrier were broad enough to authorize the filing of a tariff containing a shortened limitations period for the prosecution of damage claims against an airline. Although the Herman case involved a claim for personal injuries and the CAB has since made a regulation which prohibits the binding effect of any personal liability time limitation rules contained in a tariff (14 Code of Federal Regulations § 221.38(h)), no CAB ruling, decision or regulation affecting the validity of property damage time limitations in tariffs has been called to our attention. See Robert v. Pan American World Airways, 71 Misc.2d 991, 337 N.Y.S.2d 891 (Sup.Ct. 1972).
An American Airlines tariff requiring claims for concealed damages to be reported within fifteen days after delivery of the shipment was upheld in Alco-Gravure Division of Publications Corporation v. American Airlines, 173 F. Supp. 752 (D.Md. 1959). The court held that tariffs filed by an air carrier with the CAB are valid until they are rejected or overturned by the Board. Noting that the applicable regulation had been slightly amended since Herman, the court stated that the provision which directed the tariff to include rules relating to the value of the services to be rendered was still broad enough to permit the inclusion of a property damage claim limitations period. More recently, the court in Aetna Insurance Company v. Bor-Air Freight Co., Inc., supra, upheld the validity of a 120-day written property damage claim provision contained in the tariff filed by an air carrier with the CAB.
There have also been a number of cases in which the courts have sustained rules in air carrier tariffs which limit the amount which is recoverable for lost or damaged property. E.g., Furmanik v. Northeast Airlines, Inc., 266 So.2d 352 (Fla.3d DCA 1972); Vogelsang v. Delta Air Lines, Inc., 302 F.2d 709 (2d Cir.1962); Randolph v. American Airlines, 103 Ohio App. 172, 144 N.E.2d 878 (1956). If an air carrier can validly limit the value of property damage claims to be filed against it, there is all the more reason to uphold a provision which merely limits the time within which a claim shall be pursued. Cf. Herman v. Northwest Airlines, supra.
The tariff filed by Emery constituted part of the contract of carriage between it and its customer, Life Sciences. This tariff "conclusively and exclusively" governed the rights and liabilities of the parties with respect to the shipment. Furmanik v. Northeast Airlines, Inc., supra; Lichten v. Eastern Airlines, Inc., supra. Therefore, Life Sciences' new complaint was untimely filed.
AFFIRMED.
BOARDMAN, C.J., and SCHEB, J., concur.