**Arnold CLEMENTE and Gloria V. Clemente, Plaintiffs,**

**v.**

**PHILIPPINE AIRLINES, Defendant.**

**No. 84 Civ. 4645.**

United States District Court, S.D. New York.

Aug. 9, 1985.

Antonio M. Flores, New York City, of counsel, for plaintiffs.

Condon & Forsyth, New York City (Edward C. Dial, Jr., New York City, of counsel), for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

This is an action for breach of contract of carriage. The verified complaint, originally filed in state court, was removed to this court on June 29, 1984, pursuant to 28 U.S.C. § 1441(d). Plaintiffs have made no motion to remand to state court. Jurisdiction is predicated on 28 U.S.C. § 1330(a), which confers jurisdiction upon the district courts of any nonjury civil action against "a foreign state." 28 U.S.C. § 1603(b)(2) defines a foreign state as any entity which has a majority of its shares owned by a foreign state or a political subdivision of a foreign state. Defendant has demonstrated that the majority of defendant Philippine Airline's ("PAL") capital stock is owned by the Government Service Insurance System and the National Development Company, which are owned and were created by the government of the Republic of the Philippines. Affidavit of Eduardo J. Berenguer, June 25, 1985. Accordingly, this court has subject matter jurisdiction over the action.

On May 28, 1985, the case was tried without a jury before this court. After the plaintiffs presented their case, the court granted defendant's motion to dismiss, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and directed defendant to submit proposed findings of fact and conclusions of law.[1] The only witnesses called

---

1. In *Anderson v. City of Bessemer City, N.C.,* —— U.S. ——, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985), the Supreme Court warned of "the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor." This court is aware of such danger. However, after plaintiffs rested, it was clear that they had not made out a prima facie claim for breach of contract of carriage. The court gave plaintiffs' counsel the opportunity to state why the case should not be

by plaintiffs' counsel were the plaintiffs themselves. Having heard the testimony and examined the proof offered by the plaintiffs, the court makes the following findings of fact and conclusions of law, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

On March 26, 1984, plaintiffs, Arnold Clemente and his wife Gloria V. Clemente, purchased from defendant's New York office PAL tickets numbered 079–44011794610 and 079–44011794606, for round trip transportation from New York to Manila, Philippines and back. The tickets were issued pursuant to defendant's "Fiesta Fare," a package deal, by which plaintiffs were provided a hotel room and which had a maximum validity of fifteen days running from the date of departure from the United States. Plaintiffs departed for the Philippines on March 27, 1984.

The tickets and the advice to international passengers annexed to the tickets provide that a passenger on an international flight must reconfirm his reservation at least seventy-two hours prior to departure and that failure to reconfirm within the required time entitles the airline to cancel the reservation. In addition PAL's Passenger Rules Tariff on file with the Civil Aeronautics Board provides that PAL will:

cancel the reservation of an international portion of an itinerary (including the complete remaining international itinerary) of any passenger on a flight operated by it: (b) unless the passenger advises the carrier of his intention to use his reservation by communicating with a reservations or ticket office of the carrier at least 72 hours before scheduled departure of the flight.

Plaintiffs had booked reservations aboard PAL flight No. 106 from Manila to the United States, scheduled to depart on April 11, 1984 at 3:00 p.m. Plaintiffs, therefore, were required to reconfirm their reservation before April 8, 1984 at 3:00 p.m., at least seventy-two hours in advance of scheduled departure. After considering plaintiffs' testimony, the court finds that plaintiffs did not reconfirm their reservation seventy-two hours in advance. Arnold Clemente testified that he called PAL three days before the scheduled departure, although he was unsure of the dates. Mr. Clemente also testified, however, that by his computations, April 9 is three days before April 11. Tr. at 43 & 44. Based on this erroneous computation, he testified several times that he made the call on April 9, 1984, which is less than the required seventy-two hours. Mrs. Clemente also testified that her husband called PAL on April 9, 1984. Tr. at 79. Mr. Clemente testified that he made the call from his room at the Manila Hotel. Tr. at 53.[2] The Clementes' hotel bill contains an itemized list of all the phone calls made from the room. The hotel bill contains no listing for phone calls made on April 8, 1984. The bill, however, shows that one phone call was made from the Clementes' room on April 9, 1984. Based on the testimony and exhibits the court finds that the Clementes did not call PAL seventy-two hours in advance of their scheduled flight back to the United States.

PAL did not allow plaintiffs to board when they arrived at the airport on April 11, 1984, because plaintiffs' reservations had already been cancelled. Plaintiffs' tickets were honored aboard PAL flight No. 106 to Los Angeles, California on April 25, 1984.

---

dismissed. Plaintiffs' counsel had no argument to make, except for the declaration "plaintiffs have incurred damages and they should be compensated for that." Tr. at 89. Under the circumstances, the court saw no reason to allow plaintiffs to file proposed findings of fact and conclusions of law. However, this court has

not "uncritically accepted [defendants] findings," *id.*, but has made its own determination based on the record and the pretrial memoranda submitted by the parties.

**2.** This fact was brought out by the Clementes' counsel on redirect examination. Tr. at 53.

## CONCLUSIONS OF LAW

█ The weight of credible evidence adduced at trial conclusively demonstrates that PAL did not breach its contract of carriage by refusing to allow plaintiffs to board flight 106 to the United States on April 11, 1984. Plaintiffs' tickets, the advice to international passengers annexed to these tickets and PAL's tariffs on file with the Civil Aeronautics Board constitute the contract of carriage. Under this contract, plaintiffs were required to reconfirm at least seventy-two hours in advance in order to be entitled to carriage back to the United States. Plaintiffs failed to reconfirm in a timely fashion. Accordingly, PAL did not breach the contract of carriage.

Plaintiffs allege that when they bought the tickets at PAL's New York office, Cynthia Gonzalez, a PAL employee, told them that they did not have to reconfirm their flight. In the joint pretrial order prepared by the parties for this case, however, plaintiffs did not state any intention to call Ms. Gonzales as a witness. In fact, Ms. Gonzales was listed as one of defendant's witnesses to testify as to the instructions given to plaintiffs when they purchased the tickets. Accordingly, the court assumes that Ms. Gonzales would not have provided testimony favorable to the plaintiffs. The court does not find plaintiffs' uncorroborated testimony credible, particularly in view of their strong bias. Indeed, the Clementes' testimony demonstrates that, despite any statements made by Ms. Gonzales, the Clementes were aware of the seventy-two hour reconfirmation requirement, but miscalculated the deadline for calling the airline.

█ Moreover, even if Ms. Gonzales had told plaintiffs that they did not need to reconfirm seventy-two hours in advance, PAL would still not be liable for breach of contract. It is well settled that tariffs filed with the Civil Aeronautics Board constitute the contract of carriage between passenger and airline and, if valid,[3] conclusively determine the rights and liabilities between the parties. *Tishman & Lipp, Inc. v. Delta Airlines*, 413 F.2d 1401, 1403 (2d Cir.1969); *Mao v. Eastern Airlines, Inc.*, 310 F.Supp. 844, 846 (S.D.N.Y.1970). " 'The tariffs are both conclusive and exclusive; they may not be added to through reference to outside contracts or agreements or understandings or promises.' " *North American Philips v. Emery Air Freight*, 432 F.Supp. 519, 524 (S.D.N.Y.1977) (quoting *United States v. Associated Air Transport, Inc.*, 275 F.2d 827, 833 (5th Cir.1960)), *aff'd*, 579 F.2d 229 (2d Cir.1978). In this case, the tickets themselves contained the same seventy-two hour notice provision as the tariff. Plaintiffs were certainly on notice of the seventy-two hour provision, despite any contrary expressions by Ms. Gonzales.

█ Plaintiffs also testified that when Mr. Clemente called on April 9, 1984 to reconfirm the reservation, he was told by a PAL employee that he did not need to reconfirm and that his reservation was still valid. Plaintiffs were not informed that their reservations had been cancelled until they arrived at the airport on April 11, 1984. The court finds plaintiffs' uncorroborated testimony in this regard not credible. Plaintiffs have not so much as identified the PAL employee who allegedly made this statement. Moreover, plaintiffs' hotel bill does not indicate that they checked out of their hotel room on April 11, 1984. If plaintiffs were assured, as they claim, that their reservations would be honored, they would have checked out of the Manila hotel on April 11, 1984. In any event, this testimony is not relevant to the cause of action for breach of contract of carriage. After April 8, 1984, PAL had an absolute right under the contract to cancel plaintiffs' reservation. Plaintiffs might have suffered additional damages because of the representations of the PAL employee, however,

---

**3.** Plaintiffs have not challenged the validity of the tariffs. In any event, the Civil Aeronautics Board has primary jurisdiction to determine the validity of a filed tariff. *Danna v. Air France*, 463 F.2d 407, 409 (2d Cir.1972). Because plaintiffs have not sought administrative review of the applicable tariff, they are bound by its provisions for the purposes of this action.

these damages cannot be redressed by a cause of action based on breach of contract.[4]

■ The majority of plaintiffs' testimony at trial was devoted to proof of their damages. This, of course, is unavailing, because plaintiffs did not establish that PAL was liable. Plaintiffs' counsel also asked several questions designed to suggest that in spite of plaintiffs' failure timely to reconfirm their reservation, PAL would have honored their reservation had plaintiffs offered a bribe. Again, these factual allegations are not relevant to the breach of contract claim, but to an unpleaded cause of action in tort. Moreover, stipulated fact number seven in the joint pre-trial order is that "[n]o PAL employee in the Philippines or the United States sought, requested, or obtained any illegal payments from plaintiffs in order to their [sic] reconfirm their reservations with PAL." This conforms with Mr. Clemente's testimony on cross-examination. Tr. at 49. Plaintiffs' attempt to prove by innuendo the Filipinos' "custom" of bribery is irrelevant, and improper.

## CONCLUSION

Plaintiffs have failed to demonstrate that defendant breached the contract of carriage. The complaint is dismissed in all respects.

SO ORDERED.

---

**4.** Plaintiffs' complaint states one cause of action for breach of contract of carriage. Even if by a liberal reading of the complaint, the complaint could be construed as containing a cause of action based on another theory of relief, plaintiffs have admitted in the joint pre-trial order that they seek recovery only for breach of contract of carriage. The joint pretrial order clearly states that the pleadings are amended in accordance with the provisions of the order. Accordingly, the court cannot allow recovery based on another theory of relief.